BROWN *against* MOTT.

THIS was an action of *assumpsit*. The plaintiff declared on a promissory note, dated the 14th *November*, 1808, for five hundred dollars, made by *Daniel S. Dean*, payable to the defendant or order, six months after date. The note was endorsed by the defendant and the plaintiff, in blank; but the endorsement of the plaintiff was afterwards struck out. The note was protested for non-payment, and due notice given to the defendant as endorsor. The defendant endorsed the note, solely for the accommodation of the maker, and to enable him to raise money; but the person to whom the application was made for that purpose, refused to advance the money without another endorsor. The plaintiff offered the maker to endorse the note for him, if the maker would pay him out of the money to be obtained, 250 dollars, which the maker owed the plaintiff; which he agreed to do; and the plaintiff then endorsed the note, and received the 250 dollars. The note never was in the possession of the defendant, and no consideration passed between him and the maker, or the plaintiff, who knew that the defendant had endorsed the note solely for the accommodation of the maker.

At the last *Duchess* circuit a verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the above facts, which was submitted to the court, without argument.

Where a note was endorsed for the accommodation of the maker, and without consideration, it was held that the endorsor was liable for the amount, after due notice of non-payment, tho' the plaintiff knew at the time he took the note that the endorsor had received no consideration; but if there is fraud in the case, and that known to the plaintiff, the endorsor may show it in defence; and *it seems*, that if the plaintiff had purchased the note at a reduced price, he could not recover of such endorsor more than he paid for the note.

*Per Curiam.* The defendant here is regularly charged as an endorsor of a negotiable note. There is no question made but that he has been duly fixed by a demand upon the maker and notice to him ; but the defence, is that he endorsed the note for the mere accommodation of the maker, and that this fact was known to the plaintiff when he subsequently endorsed the note. This, however, is not, of itself, a defence. The endorsor cannot set up that he endorsed the note without consideration, because, by sending the note into circulation by a general endorsement, and making it thereby a negotiable bill, a consideration is implied by the law merchant, and an inquiry into that fact is precluded. If there had been any fraud in this case, or the plaintiff had not made any advance upon the note, the taking it under the knowledge stated in the case would have let in a defence. Or if he had purchased it, or taken it up at a reduced price, it would seem that he could recover only the amount paid. (*Wiffer* v. *Roberts*, 1 *Esp. N. P.* 261.) But as the drawer originally raised the money upon the note with the endorsement of the present parties, the note must have been returned to the plaintiff by the subsequent holder, and he must have taken it up for the full value. He has then as good a right to resort to the defendant, as a prior endorsor, as if he had originally received it for its value. An endorsor for the accommodation of the maker, is entitled to all the privileges of an endorsor, by being fixed in due season, (2 *Caines*, 343. 4 *Cranch*, 141.) and he must be equally chargeable as endorsor to the persons standing after him upon the note. The cases of *Smith* v. *Knox*, (3 *Esp. N. P.* 46.) and *Charles* v. *Marsden*, (1 *Taunton*, 224.) show that the principles of the commercial law are settled, that where there is no fraud in the case, and the endorsee has given value for the bill, he shall recover of the acceptor, notwithstanding the bill was accepted without consideration, and for the accommo-

dation of the drawer, and that fact was known to the endorsee when he took the bill, and though he even took the bill *after it was due*.

It is impossible to distinguish this case in principle from those last mentioned, and the plaintiff is entitled to judgment.

Judgment for the plaintiff.