Green, J.
delivered the opinion of the court.
It is insisted by the counsel for the plaintiff in error, that he is not bound by his endorsement, because he was imposed on, and induced to endorse the note, on account of the supposed genuineness of the other endorsements.
This proposition is altogether fallacious. The holder of a bill or note has nothing to do with the preceding endorsements, and whether genuine oir not, his immediate endorser is liable to him. The last endorsement, is in fact, a guaranty of the preceding endorsements, and admits the hand writing of the drawer and prior endorser, although the bill be forged. Chitty on Bills 197-8: 3 Kent Com. 60: 2 Salk 127. The judge, therefore, properly admitted the note, with its endorsements, to be read to the jury, upon proof having been made of the endorsement by the defendant.
- It is next insisted, that there was no consideration for the endorsement of the defendant. It is not necessary that a consideration should be received by the endorser, in order to bind him. Although the note was made for the accommodation of Rison, and the defendant endorsed *312 ¡t without receiving any consideration himself, yet, as Rison received the money upon it, and the plaintiff is a .bona fide holder, for a valuable consideration, the defendant is bound and liable, as though he had received the consideration himself. Chitty on Bills 68: See also note to same page: Brown vs. Watt 7 John. Rep. 361. Rison owed Hobbs, and a like sum being due from Hobbs to Bradley, it was mutually agreed, (in effect,) that Bradley should look to, Rison alone for his debt, on condition that the defendant’s endorsement was procured on the note. The note then, upon which the defendant was an endorser, was an extinguishment of Hobbs’ claim upon Rison, and of that of Bradley on Hobbs, and constituted as good a consideration as if Bradley had advanced so much money to Rison.
It was insisted, that as Bradley told Rison he would permit the note to be renewed, if he would obtain the endorsement of the plaintiff in error, that thereby Rison became the the agent of Bradley, and that he ought tobe answerable for the fraud which was committed on Harris. Upon this subject the court correctly told the jury, that Bradley was not answerable for the fraud of Rison, and that unless he waá guilty of fraud himself, Harris was liable upon his endofsement, and that the mere circumstance, that Bradley told Rison that he would renew the note, if it were endorsed by Harris, would not be evidence that Rison, in procuring that endorsement, acted as Bradley’s agent.
Upon the whole, we are of opinion there is no error in this record, and order the judgment to be affirmed.
Judgment affirmed.