ROBERT RENWICK *vs.* NATHANIEL WILLIAMS and JOSEPH B. WILLIAMS, Exc'rs of HANNAH K. CHASE.

This court cannot look beyond the record to conjecture facts; and where a witness is objected to on the ground of interest, that fact must affirmatively and distinctly appear in the record, otherwise this court cannot assume it.

In an action upon a promissory note, made by a testatrix in favor of her grandson, and by him endorsed to the plaintiff, it was objected to the competency of a witness, on the ground that she was the daughter of the testatrix, and as such a distributee of her estate. The record states, that witness was the mother of the payee of the note, and that he is the grandson of the testatrix. HELD: That it does not necessarily follow from these facts that the witness was the daughter of the testatrix.

It is a general rule, that the endorsee of an over-due note takes it subject to all the equities of the maker, and it is always competent for the defendant in such cases, whether against the payee or holder, to prove either a want or a failure of consideration, but *accommodation notes* are an exception to this rule.

In this case an over-due note was endorsed by the payee to the plaintiff, who had no knowledge of the character of the note when he received it. Held: That the facts that it was an *accommodation note* and endorsed *after it was due*, will not prevent the plaintiff from recovering against the maker.

Some cases of the highest authority sustain the proposition, that the endorsee of an over-due note may recover against the maker, though he knew at the time he received it that it was *accommodation paper*.

The case of *Wyman vs. Gray*, 7 *H. & J.*, 409, does not conflict with the doctrines of this case. In that case the note was not an accommodation note, and the "equity of the maker" there spoken of, could not include such a defence as the one relied on in the present case.

If the maker of an accommodation note wishes to terminate the obligation he has assumed, he should *call in his note* and thus prevent it from passing into the hands of innocent holders.

A promissory note, whether an accommodation note or not, is negotiable as well after as before it becomes due.

The only defences against which an endorsee has to guard in receiving over-due bills, are, 1st. Those which have arisen subsequent to the execution of the note, and which are not collateral but relate to the note itself; and 2nd, those which are inherent in the note and show it to have been void *ab initio*, such as fraud, mistake, absence of sufficient consideration, &c.

APPEAL from Baltimore county court.

This was an action of *assumpsit*, instituted on the 3rd of July 1849, by Renwick the appellant, against the appellees, as executors of Hannah K. Chase, upon the following promissory note executed by the said testatrix in her lifetime, and endorsed by the payee to the plaintiff:

"$2000. BALTIMORE, *July* 30*th*, 1844.

Two years after date I promise to pay William Chase Barney or order, two thousand dollars for value received.

HANNAH K. CHASE."

On the back whereof was the following endorsement: "Without recourse. William Chase Barney."

The pleas were: 1st. *Non assumpsit.* 2nd. *Non assump-*

*sit infra tres annos.* 3rd. *Actio non accrevit infra tres annos.* 4th. No assets of the testatrix in the hands of the defendants. 5th. No assets applicable to the note. 6th. *Plene administravit.* And 7th. *Usury.* Upon each of which issues were joined.

*Exception.* The plaintiff proved the hand-writing of the maker and payee and endorser of the note, and there rested his case. The defendants then offered Mrs. Mary Barney, the mother of the payee of said note, (who was objected to by the plaintiff and overruled by the court, to which plaintiff by his counsel excepted,) by whom they proved, that William Chase Barney was the grandson of Hannah K. Chase, and was in the habit of receiving notes from her without any consideration for his accommodation. Witness always understood them to be voluntary gifts or accommodation notes, and that Mrs. Chase had mortgaged stock to a large amount for his benefit; that said Barney was a person of no property. The defendants then read in evidence the answers of the plaintiff to the bill of discovery filed by them in the cause, showing that the note came into plaintiff's possession on the 16th of June 1849, from the payee, and endorsed by him. Plaintiff does not know when it was endorsed. That the consideration paid by him for it was two bills of furniture due by the payee to the plaintiff, one for $700, and the other for $55.50. The defendants also offered in evidence a deed executed by Hannah K. Chase, on the 28th of January 1845, conveying all her property to William A. Talbot in trust, to apply the income thereof in payment of all her debts due and to become due during her life and for her support, and after her death in trust as to the whole estate to the uses of her last will and testament, and codicils thereto. Also a written acknowledgment of the said Hannah K. Chase, under seal, dated the 18th of August 1845, whereby she acknowledged herself to stand indebted unto the plaintiff in the sum of $1100, and the affidavit of the plaintiff attached thereto, dated the 16th of September 1846, stating that he had not received any part of the money secured thereby, nor any secur-

ity therefor, except so far as the deed of trust above mentioned may avail as such security. Also a deed executed by said Hannah K. Chase, on the 2nd of August 1844, conveying all her property to the appellees in trust, for her benefit during her life, and after her death in trust for the objects and purposes of her will, dated the 10th of November 1836. They further proved, that she died on the 2nd of March 1848, at the age of ninety-seven or ninety-eight years. The defendants then asked the following instructions: 1st. "If the jury find that the note in suit was endorsed and passed by the payee thereon to the plaintiff after the same became due, then the same defences may be urged by the defendant against said note, as far as want of consideration is concerned, as if the said payee were plaintiff in this action. 2nd. If the jury find that said note in suit was given by the maker to the payee for his accommodation, then the plaintiff cannot recover, provided the jury find the same was passed to the plaintiff by the payee after it was over-due," which the court, (Le Grand, A. J.,) granted, and the plaintiff excepted. The verdict and judgment were for defendants, and the plaintiff appealed.

The cause was argued before ECCLESTON, MASON and TUCK, J.

*Malcolm* for the appellant.

1st. The first point of appellant relates to the overruling by the court of the objection made to Mary Barney's testimony. The appellant insists, that being one of the children of the testatrix, Hannah K. Chase, she was interested in defeating a recovery against the executors, the defendants; for if there was any personal property she would be entitled to a distributive share thereof, if the plaintiff failed to maintain his suit, and her testimony was offered for the purpose of defeating the present action.

2nd. The second point relates to the granting by the court of defendants' first prayer. The objection to this prayer is, that it allowed the defendants to argue before the jury, that there

was no consideration for said note passing from the payee to the drawer, whilst there is not a particle of proof to show under what circumstances this note was executed, the note itself importing to be for value: for Mary Barney, the only witness examined in reference to the note, says, of this note she knew nothing, but she supposes it was like others of which she spoke; nor can it be contended, that the supposition of the witness about things' of which she knew nothing, can be a foundation for this prayer.

3rd. The third point relates to defendants' second prayer.

The plaintiff insists that this prayer ought not to have been granted, because there is no proof to show, that said note was an accommodation note, and even if it was, that the maker never having recalled said note, that the payee had a right to endorse it away for value, even after it became due. And that the fact of the note being an accommodation note, and passed over-due, does not place the endorsee in the position of the endorser, who could not recover at all against the maker, either before or after the maturity thereof.

*Robert J. Brent* for the appellees.

It is said that Mrs. Mary Barney was an incompetent witness, because she was one of the distributees of defendants' testatrix. But we insist on this point.

1st. That there is no exception signed and sealed in the record which raises this question. It is true, that the bill of exceptions recites, that defendant offered Mrs. Mary Barney *"who* was objected to by the plaintiff's counsel and *overruled* by the court, to which plaintiff excepted." But if that statement means any thing it would seem to refer incidentally to some exception which the plaintiff had taken, and which is not *to be found* in the record; certain it is, that the only exception *signed and sealed* in this record, is to *the opinion and direction of the court to the jury,* as given in the prayers.

We therefore deny that the competency of Mrs. Barney is properly excepted to. See *Scott vs. Loydd,* 9 *Peters,* 442.

2nd. If it were, however properly presented by way of the

recital above mentioned, yet that recital does not show what question was designed to be raised in the court below. The plaintiff *objected to Mrs. Barney*, but why or on what ground does not appear. Can the court say whether it was on the ground of interest or of some *personal disability* that the objection was urged or overruled? Therefore, the question now meant to be raised, *being one of interest in the witness*, does not appear to have been properly raised and decided in the court below under the terms of the act of 1825.

3rd. If Mrs. Barney were held *prima facie* to be incompetent, yet there can be no reversal on this ground, because it has subsequently appeared in the progress of the cause, that she really had no interest, and therefore, the error, if any, was not prejudicial to the appellant, it being ruled by the supreme court, that when it appears in the subsequent progress of a cause, that an error of the court was not prejudicial, there can be no reversal on that account, and such is undoubtedly the rule of law. *Greenleaf vs. Bertt*, 5 *Peters*, 135. Her want of interest appears by the two deeds of Mrs. Chase for all her property, and especially by the one to the appellees which incorporates for its provisions the will and codicils of Hannah K. Chase, and which will and codicils were distinctly read and shown to the court as part of said deed of trust, by which it appeared, that Mrs. Barney had no possible interest in the estate of the testatrix. Although said will and codicils are not inserted in the record, if it becomes material in the view of the court, we can at any time obtain them on diminution, but we are so confident that the competency of Mrs. Barney is not properly excepted to, that we do not desire to delay the case by diminution.

On the first and second prayers we insist that the evidence of Mrs. Barney not excepted to, proved, "that the payee was *in the habit* of receiving the notes of his grandmother, (the testatrix,) for his accommodation, but without any consideration on his part, he being a person of no property or means." This testimony went to the jury without objection, and was before them.

The court did not err in the granting of these prayers. See *Andrews vs. Pond,* 13 *Peters,* 65. *Brantly vs. Fowb,* 14 *Peters,* 318. 7 *Har. & Johns.,* 415. *Storye Promissory Notes,* 190, *sec.* 220, *Bayley on Bills, ch.* 12.

MASON, J., delivered the opinion of the court.

This action was instituted by the appellant, to recover the amount of a promissory note for two thousand dollars, drawn by the testatrix of the appellees, in favor of William Chase Barney, and by him endorsed, *after it was due,* to the said appellant. The note, its execution and endorsement were established, and upon these facts the plaintiff rested his case.

The first-question which was raised in the trial below, related to the competency of the witness Mrs. Mary Barney, who was offered upon the part of the defendants. She was objected to on the ground of interest.

It was assumed in argument by the appellant's counsel, that Mrs. Barney was the daughter of Mrs. Hannah K. Chase, and as such was a distributee of her estate, and was therefore interested in the result of any suit, which like the present, might diminish the assets of the estate. It seems to have escaped the notice of the counsel on both sides of this case, that it no where appears in the record that the witness whose testimony is objected to, was the daughter of Mrs. Chase. It is true that the witness states that she is the mother of William Chase Barney, and that he is the grandson of Mrs. Chase, but from these two facts it does not necessarily follow that Mrs Barney *was the daughter* of Mrs. Chase. *Non constat,* but Mrs. Barney's husband may have been the son of Mrs. Chase.

This court cannot look beyond the record to conjecture facts, and where a witness is objected to, upon the ground of interest, that fact must affirmatively and distinctly appear in the record, otherwise this court cannot assume it.

In this view of the particular question before us, it becomes unnecessary to decide upon the regularity of the exception as to this point.

The first ground of objection raised by the appellant to the

defendants' prayers, related to the insufficiency of the proof to establish the facts assumed in them. We will not pause to consider this much vexed question in the present case, for admitting that the proof out of which the two preceding questions arose was free from objection, and was sufficient to establish the facts sought to be proved, namely, that this was an *accommodation note*, and that it was endorsed to the plaintiff *after it fell due*, still, the existence of those facts would not avail to defeat the present action.

It is true, as a general rule, that in all cases where a note over-due is endorsed, the endorsee takes it subject to all the equities of the maker, and it is always competent for the defendant in such cases, whether as against the payee or holder, to prove either a want or failure of consideration. *Wyman vs. Gray*, 7 *Har. & John.*, 415.

But it appears that *accommodation notes*, as they are termed, constitute an exception to this rule. Cases of the highest authority recognise a wide distinction between accommodation notes or bills, and those which are wholly without consideration or fraudulent, and as such *nudum pactum* in law. Some of the cases go to the length of asserting, that though the holder of a note claiming by virtue of an endorsement made after the same was due, knew, when he received it, that it was an accommodation paper, still such a fact would not defeat his right to recover against the maker. In the present case it is not pretended that the plaintiff knew the character of the note when he received it.

We cite the following authorities in support of the foregoing propositions: *Charles vs. Marsden*, 1 *Taunt.*, 224. *Sturtevant vs. Ford*, 4 *M. & G.*, 101. *(43 Eng. C. L. Rep.)* *Lazarus vs. Cowie*, 3 *A. & E.*, 464. *(43 Eng. C. L. Rep.,* 822.) 63 *Eng. C. L. Rep.*, 144. *(11 A. & E.)* 7 *John. Rep.*, 361. 7 *Wend.*, 227. *Byles on Bills*, 122. *Story on Prom. Notes*, sec. 194.

The case of *Wyman vs. Gray*, does not conflict with the doctrines advanced in this opinion. In the first place that was not an accommodation note, and therefore cannot be assimilated to the present case. Nor does the *language* of the court

embrace this case. The "equity of the maker" there spoken of, could not include such a defence as the one relied on in the present case. After the defendant had given her note to accommodate the payee, by enabling him to raise money, or what is the same to pay debts, and in pursuance of the very purposes which the maker designed the note should accomplish when she issued it, it falls into the hands of a *bona fide* endorsee *for value,* would it be equitable and proper for her to set up those facts to evade the payment of the note?

Nor is the question varied by the note being over-due when endorsed. The books suggest this manifestly wise and proper course for the maker to pursue in such cases, if he wishes to terminate the obligation he has assumed, and that is, *to call in his note,* and thus to prevent it from passing into the hands of innocent holders. "A promissory note is certainly negotiable, as well after, as before it becomes due," this court have said in *Annan vs. Houck*, 4 *Gill,* 331. Why then should an accommodation note not be negotiable as well after as before it fell due?

The only defences against which an endorsee has to guard in accepting over-due bills, are first, those which have arisen since the execution of the note, and which are not collateral, but which relate to the note itself; and secondly those which are inherent in the note, and which would show it to have been void *ab initio,* such as fraud, mistake, absence of a sufficient consideration, &c. The defence urged in this case comes under neither of those heads. If this note had been negotiated *before* it fell due, it is conceded that the fact that it was an accommodation note, would not have been an available defence, therefore that fact cannot be regarded as an incipient, original defect. Certainly the objection did not arise since the execution of the note, for it is now what it was designed to be when it was originally made. The correction of the record as to the date of the note, renders it unnecessary to express any opinion on the question of limitations.

*Judgment reversed and procedendo awarded.*