## Erastus Thatcher v. The West River National Bank of Jamaica, Vermont.

*Evidence : Of corporations : Variance in name.* Documentary evidence of the existence of a corporation under the name of " The West River National Bank of Jamaica," described as located in the town of Jamaica, County of Windham, and State of Vermont, is admissible, under the general issue, to prove the corporate existence of the party plaintiff styled in the declaration— " The West River National Bank of Jamaica, Vermont."

*Organization of National Banks : Compliance with prerequisite forms : Powers of the Comptroller : Identity.* It is no objection to the admission in evidence of the certificate of the organization of a National Bank, that the Notary before whom it was acknowledged appears to be one of the share holders of the Bank. That is a question for the Comptroller. His certificate of compliance with the act of Congress removes any objection which might otherwise have been made to the evidence on which he acted.

The fact, that a bank is shown to have been doing business before the date of the certificate of its organization under the act of Congress, does not prove that it is a different body from that named in the certificate. § 44 of the act (*U. S. Stat. at large, vol. 13, p. 112*) makes full provision for banks incorporated under State laws to organize as National Banks.

*Promissory notes : Without consideration to maker : Made for accommodation of payee : Proof of endorsement.* It is no defence to an action on a promissory note by an endorsee against the maker, that it was made without any consideration to the maker, or that it was understood between him and the payee that the latter was to take care of it ; and this, although the holder had, when he took the note, full notice of the circumstances under which it was made.

A copy of a promissory note and of its endorsement were served with the declaration, and were offered in evidence and read without objection to the jury. Any further proof of the endorsement was unneccessary.

*Heard October 7.    Decided October 12.*

Error to Saginaw Circuit.

This was an action of assumpsit upon a promissory note brought by a corporation plaintiff, whose name was stated in the commencement of the declaration to be—" The West River National Bank of Jamaica, Vermont." The note declared on was made by E. Thatcher, the defendant below, and was payable to the order of " L. N. Sprague, Ag't." The defendant pleaded the general issue and gave notice that Sprague, the payee named in the note, was the agent of the Jamaica Leather Company, and that the note was given without consideration to the defendant, and for the accommodation of the Leather Company, of which the plaintiff had notice.

On the trial the counsel for the plaintiff offered and read in evidence the note, a copy of which, and of the endorsement of "L. N. Sprague ag't" thereon, was attached to the plaintiff's declaration. And further, offered in evidence a document purporting to be a certified copy of the organization certificate of "The West River National Bank of Jamaica," dated August 17, 1865, to which the Comptroller of the Currency certifies that the original was filed and recorded in his office on the 25th day of August, A. D. 1865; and which document contained the following recitals:

"*First*—The name and title of this association shall be The West River National Bank of. Jamaica."

"*Second*—The said association shall be located and continued in the town of Jamaica, county of Windham and State of Vermont, where its operations of discount and deposit are to be carried on."

And also a certificate of the Comptroller of the Currency in the following words:

"TREASURY DEPARTMENT.

"OFFICE OF COMPTROLLER OF THE CURRENCY, }
"WASHINGTON, September 21, 1865. }

"*Whereas*, By satisfactory evidence presented to the undersigned, it has been made to appear that 'The West River National Bank of Jamaica,' in the town of Jamaica, in the County of Windham and State of Vermont, has been duly organized under and according to requirements of the Act of Congress, entitled 'An Act to provide a National Currency, secured by a pledge of United States Bonds, and to provide for the circulation and redemption thereof;' approved June 3, 1864, and has complied with all the provisions of said Act required to be complied with before commencing the business of banking under said Act:

"Now Therefore, I, Freeman Clark, Comptroller of the Currency, do hereby certify that 'The West River National

Bank of Jamaica,' in the town of Jamaica, in the County of Windham and State of Vermont is authorized to commence the business of banking under the Act aforesaid.

"In Testimony Whereof, Witness my hand and seal of office, this twenty-first day of September, 1865.

"FREEMAN CLARK, Comptroller."

Currency Bureau,
Seal of the
Comptroller of
the Currency,
Treasury Department.

It appeared by the certificate of acknowledgment of the document first mentioned, that the acknowledgment was taken before Jno. A. Butler, Notary Public; and by said document it further appeared that J. A. Butler was a subscribing shareholder named therein. To the reading of these papers in evidence, the defendant objected;—(1) That the name of the plaintiff in this suit is "The West River National Bank of Jamaica, Vermont," and not the name of the institution set forth in said documents: (2) That the certificate of acknowledgment of said first named document is not sufficient, because it appears upon the face of said first mentioned document that the Notary Public, taking said acknowledgment is one of the share-holders mentioned in the document: And (3) that it is not alleged in the declaration that the plaintiff is a corporation, nor that it is organized in manner and form as set forth in said documents.

The Circuit Judge overruled the several objections and allowed the documents to be read in evidence; to which the defendant excepted.

Evidence was offered by the defendant to show the knowledge of the Bank of the circumstances under which the defendant signed the note : but the view taken by the Court of this point in the defense renders it unnecessary to state in detail this evidence, or the ruling of the Court below upon its admissibility and effect.

The defendant requested the Court to charge the jury that it was necessary for the plaintiff to prove the endorsement of the note; the Judge declined, but charged the jury that the note and endorsement had been read in evidence without objection, and there was no affidavit denying the execution of said endorsement, the defendant was therefore precluded now from disputing it; to which the defendant excepted. The jury found for the plaintiff, and the judgment entered on the verdict is brought into this Court by writ of error.

*E. Thatcher,* plaintiff in error in person.

*W. L. Webber,* for defendant in error.

CHRISTIANCY, J.

There was no error in allowing the plaintiff below (defendant in error) to introduce, for the purpose of proving its corporate existence, the organization certificates, upon which was certified by the Comptroller of the Currency that the original was filed in his office, nor in the admission of the certificates of said Comptroller (of Sept. 21 1865), that the bank had complied with the provisions of the act of Congress, "To provide a National Currency" etc., of June 3, 1864.

The objection made by defendant below was, in substance, that by the declaration, the plaintiff claimed to be a corporation by the name of "The West River National Bank of Jamaica, Vermont," and that the certificates did not tend to prove the existence of a corporation by this name, but only of one by the corporate name of " The West River National Bank of Jamaica."

There being no plea in abatement, and the objection arising upon the general issue, the question is whether this is a substantial variance; or rather it is merely a question

of identity arising upon the evidence; and no slight variation, which does not go to raise a doubt of the identity, is to be regarded.

The plaintiff is described in the declaration as " The West River National Bank of Jamaica, Vermont," a corporation organized under the act of Congress entitled " etc., ([giving the title of the act.)

The organization certificate filed with the Comptroller of the Currency, it is true, declares that " the name and title of this association shall be " The West River National Bank of Jamaica;" but it also declares that " the said association shall be located and continued in the Town of Jamaica, County of Windham and State of Vermont, where its operations of discount and deposit shall be carried on." And the certificate of the Comptroller, showing a compliance with the provisions of the act of Congress, recites, that " Whereas, by satisfactory evidence presented to the undersigned, it has been made to appear that ' The West River National Bank of Jamaica,' in the County of Windham, in the State of Vermont, has been duly organized " etc.

It is clear enough, therefore, that the bank, the existence of which is proved by the certificate, is " The West River National Bank of Jamaica " in the State of Vermont. And the addition of the word Vermont, at the end of the proper corporate name in the declaration, rather tends to render the indentity more specific; and may properly be treated as intended only to show in what State the bank was located. And, upon the evidence, we see no reason to doubt the identity of the plaintiff with the bank whose existence is proved by the certificate.

The objection that the organization certificate appears to have been acknowledged before a Notary, who by the the same document is shown to have been a shareholder in the bank, is one which might have been raised by, or

before, the Comptroller, but of which we can take no cognizance here. It was for him to decide upon the sufficiency of the evidence of compliance with the act of Congress, and we cannot review his decision. His certificate of compliance removes any objection which might otherwise have been made to the evidence upon which he acted.

But it is further objected that the evidence of witnesses in the case goes to show, that the plaintiff was a bank doing business long prior to the date of these certificates, and therefore that the plaintiff cannot be the same corporation to which the certificates allude. This objection is answered by the forty-fourth section of the act of Congress in question, (*Statutes at Large, Vol. 13, p. 112*), making full provision for banks incorporated under State laws to organize under this act. And we think the fair tendency of the evidence referred to is only to show that this had been such State institution, doing business prior to its organization as a National Bank under the act of Congress.

The evidence of the corporate existence of the plaintiff was full and complete, and there was no evidence of an opposite tendency.

The defense relied upon by the defendant below, without going here into unnecessary particulars, was substantially, that the note was given to L. N. Sprague, agent of the Jamaica Leather Company, (to whose order it was made payable), without consideration, and merely for the accommodation of said Leather Company, upon the assurance of Sprague that the note would be taken care of and the defendant protected; and that the bank, the endorsee and plaintiff below, received it with full notice of these facts. ,

The testimony of the defendant himself, and perhaps some other testimony in the cause, tended to show, that the note was given for the purpose above stated, and without consideration, and with the assurance of Sprague above stated.

19 MICH.—Z.

But the defendant's own testimony further tended to show that the note was given for the express purpose, and with the full understanding that it was to be negotiated to the bank to enable the Leather Company to raise money upon it. It was also clearly shown by other evidence that the bank did discount the note endorsed in blank by Sprague, as agent, and paid the money for it; and there was no evidence of a contrary tendency.

We think it, therefore, wholly immaterial whether the bank had notice, or not, of the circumstances under which, and the purpose for which it was given, and of the other facts relied upon in the defense. Had the directors of the bank, knowing the nature of the previous transactions between defendant and the Leather Company, been present and heard and known the whole arrangement between Sprague and the defendant, when the note was given, the bank would still be entitled to recover.—See *Charles v. Marsden, 1 Taunt. 224; Smith v. Knox, 3 Esp. 46; Thompson v. Shepherd, 12 Met. 311; Brown v. Mott, 7 Johns. 361; Lord v. Ocean Bank, 20 Penn. St. 384; Grant v. Ellicott, 7 Wend. 227; Renwick v. Williams, 2 Md. 356; Molson v. Hawley, 1 Blatch. 409; Caruthers v. West, 11 Q. B. 143.*

The want of consideration, and the assurance of Sprague that the note would be taken care of, do not affect the right of the bank as endorsee, though taking it with notice. Mere accommodation paper is generally, at least, without consideration, and such assurances, express or implied, are always given or relied upon, when such accommo·dation paper is given. Such facts might constitute a good defense as against the party for whose accommodation it is given; but to allow them to defeat a recovery by an endorsee who advances money upon it—when that is the purpose for which it is given—would. defeat the very purpose for which such paper is made, and render the transaction absurd.

As between the defendant and the endorsee, the de-

fendant took the risk of Sprague's assurances being made good, and his remedy is upon him or the party he represented.

These conclusions render it unnecessary to notice the defendant's requests to charge with reference to the want of consideration, and the question of notice, or the charges given upon these points.

The Circuit Court was right in holding that there was no evidence tending to show that the Leather Company had any interest in the money sought to be recovered in this suit.

A copy of the note with the endorsement, accompanied the declaration, and the note and endorsement were read in evidence without objection, and no evidence was given tending to disprove the endorsement. The Court was therefore right in refusing to charge that it was necessary to prove the endorsement in any other way.

We see no errror in the record, and the judgment must be affirmed with costs.

The other Justices concurred.