<hr />

UNITED STATES NATIONAL BANK *vs.* CLARENCE
H. VENNER.

Suffolk.   December 16, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Judgment — National Bank — Name — Variance — Finding.*

In an action upon a judgment recovered in another State, the writ described the plaintiff as " the United States National Bank of New York, N. Y., . . . having its usual place of business in the city and State of New York." The plaintiff

put in evidence certified copies from the comptroller of the currency of documents showing the incorporation and existence of a national bank under the name of "The United States National Bank of the City of New York," and also evidence tending to prove the identity of the bank that recovered the judgment with the present plaintiff, and that there was not in New York any other bank having the same or a similar name. The judgment roll recited that the judgment was rendered in favor of "The United States National Bank," and the complaint set forth that the plaintiff therein was organized under the National Bank Act, "and carrying on business in the city of New York as a National Bank." *Held,* that no material variance, if any, was shown; and that a finding for the plaintiff was warranted.

CONTRACT on a judgment, alleged to have been recovered by the plaintiff against the defendant in the Supreme Court of New York. Trial in the Superior Court, without a jury, before *Hammond,* J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. F. Choate, Jr. & A. F. Clark,* for the defendant, submitted the case on a brief.

*F. Dodge,* ( *C. Walcott* with him,) for the plaintiff.

LATHROP, J. The writ in this case describes the plaintiff as the United States National Bank of New York, N. Y., a banking association or corporation duly established by law, being duly organized and incorporated under the laws of the United States of America, and having its usual place of business in the city and State of New York.

The declaration is as follows: " And the plaintiff says that by the consideration of the Supreme Court of the State of New York, held at New York for the city and county of New York, in said State of New York, on the 7th day of January, 1897, it duly recovered judgment against the defendant for $7,428.25 debt or damage, together with $1,221.95 interest, and costs of suit taxed at $118.40, amounting in all to $8,768.60 ; that said judgment has never been vacated, set aside, or satisfied, and now remains in full force and effect, as appears from the records of said court ; and the defendant owes it the amount of said judgment, with interest."

The answer was a general denial. There was also filed by the defendant a special demand for proof " of the incorporation of the United States National Bank of New York, N. Y., plaintiff."

At the trial, the plaintiff put in evidence certified copies from

the comptroller of the currency of its articles of association, its organization certificate, and the certificate authorizing it to do business. These documents showed the incorporation and existence of a National Bank under the name of " The United States National Bank of the City of New York."

The plaintiff put in evidence the judgment roll of the Supreme Court of New York, duly authenticated as required by the Pub. Sts. c. 169, § 67, and the U. S. Rev. Sts. § 905. The plaintiff also put in evidence tending to prove the identity of the bank that recovered the judgment with the plaintiff in this action, and evidence tending to show that there was not in New York any other bank having the same or a similar name. The defendant put in no evidence, and asked the judge to rule that the plaintiff could not recover. The judge refused so to rule, and found for the plaintiff.

The only ground urged by the defendant in this court in favor of his request for a ruling is that there is a variance between the allegation and the proof, in that the writ describes the plaintiff as the United States National Bank of New York, whereas the judgment was in favor of the " United States National Bank." But an examination of the judgment roll shows that, while the judgment was rendered in favor of " The United States National Bank," called in one place in the roll the " United States National Bank," the complaint sets forth that the plaintiff is " an association or corporation duly organized and existing under the Act of Congress of the United States known as the National Bank Act, and carrying on business in the city of New York as a national bank."

We are of opinion that there is no merit in the defence. If the defect had been specifically pointed out in the Superior Court, the writ could have been amended by setting forth with accuracy the name of the plaintiff, and by alleging in the declaration that the plaintiff recovered judgment in the name of the United States National Bank. And if we considered it necessary that this should be done, we should not send the case back for a new trial, as the amendment could be made in the Superior Court at any time before judgment. *Cleaves* v. *Lord*, 3 Gray, 66. *Nichols* v. *Prince*, 8 Allen, 404, 408. *Denham* v. *Bryant*, 139 Mass. 110, 112.

It is obvious, however, that the words in the writ in the present action "of New York, N. Y.," do not necessarily import to be a part of the plaintiff's name, but may be considered as descriptive only. If so there is no variance. *Thatcher* v. *West River National Bank,* 19 Mich. 196.

But if the words "of New York, N. Y.," are considered as part of the title of the bank, we are of opinion that no material variance is shown. In *Washington County National Bank* v. *Lee,* 112 Mass. 521, the writ described the plaintiff as "the Washington County National Bank, a corporation duly established by law and doing business in Greenwich, in the State of New York." To prove its corporate existence, it put in evidence an organization certificate of "The Washington County National Bank of Greenwich," to be located in the town of Greenwich, County of Washington and State of New York, and a certificate of the comptroller of the currency that "the Washington County National Bank of Greenwich in the County of Washington and State of New York" had been duly organized. It was contended that, on account of the variance of name, there was no proof of the organization of the plaintiff as a corporation. But it was held that, "In the absence of evidence that there was any other bank of that name at that place, the evidence introduced warranted the inference that the organization proved was that of the plaintiff corporation." See also *Thatcher* v. *West River National Bank, ubi supra.*

The question before the court in the case at bar was whether the plaintiff in this action was the same plaintiff that recovered the judgment declared on. There can be no doubt that the judge was amply warranted in finding that it was.

*Exceptions overruled.*