DANIEL CRONAN *vs.* CITY OF WOBURN.

Middlesex.    November 17, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Practice, Civil,* Amendment.  *Way,* Defect in highway.  *Pleading, Civil.*

In an action against a city for personal injuries, in which the declaration did not allege formally a defect in a highway, it appeared, that a notice in writing, given to the defendant within the time required by the highway act, alleged in substance that the plaintiff was injured by reason of a defect in a highway of the defendant caused by negligence of the defendant and its employees in making an excavation at the corner of certain streets. The defendant was not misled by the notice, and the case was tried solely on the issue of such a defect. At the close of the evidence the plaintiff was given leave to amend his declaration before final judgment by alleging expressly a defect in the highway. The jury returned a verdict for the plaintiff, and thereafter the plaintiff was allowed to make this amendment before judgment.  *Held,* that for the purposes of the trial the amendment might be treated as made before verdict when the motion to amend was allowed, and that if there had been a variance it was cured by the amendment.

In an action against a city for personal injuries, a declaration alleging in substance that the plaintiff fell into an excavation on the westerly side of the sidewalk at or near the corner of two streets named, which the defendant had carelessly left unlighted, unfenced and unguarded, with proper averments of injury and of notice to the defendant, sets forth a good cause of action against the defendant for a defect in the highway caused by its negligence, without an averment that it was the duty of the defendant to keep the street in repair, this being a statutory obligation of which the court takes judicial notice.

In an action against a city for personal injuries, a declaration, setting forth in sub-

stance a defect in a highway of the defendant, alleged that the plaintiff owing to the negligence of the defendant "or its employees" fell into an unlighted and unguarded excavation which "the defendant or its employees" had made at a certain point in the highway. *Held,* that if the phrase the "defendant or its employees" was ambiguous, as covering employees of a department for whose negligence the city would be liable at common law, such a defect in the declaration, if it existed, could be taken advantage of only by demurrer and not under an answer of general denial.

TORT for injuries received by the plaintiff on Main Street at the corner of Eaton Avenue in the city of Woburn. Writ dated October 30, 1901.

The declaration was as follows:

"And the plaintiff says on Tuesday, the 8th day of October, 1901, at or about 7.30 o'clock in the evening while in the exercise of due care, he attempted to cross Main Street, a public street in the city of Woburn, when owing to the neglect and carelessness of the city of Woburn, or its employees, he fell into an unlighted and unguarded excavation which the defendant or its employees had made on the southeast corner of said Main Street and Eaton Avenue, a public street, on the westerly side of the sidewalk on Main Street at or near the corner of said streets which the defendant had carelessly left unlighted, unfenced and unguarded; that the plaintiff knew nothing of said excavation, and while attempting to cross said street at said point, fell into said excavation and thereby received great and severe bodily and mental injuries, which said injuries are permanent:

"And he further says that on account of said fall, he has suffered great and severe pain and mental anguish, and has suffered great loss in not being able to attend to his customary work and has been put to great expense for necessary nurses, medical care and attendants and medicine.

"He further says that on the 26th day of October, he caused a written notice to be served upon John H. Finn, city clerk of the city of Woburn, stating the time, place and cause of said injuries, and that he should look to the city for compensation for the damages he had thereby sustained."

In the Superior Court the case was tried before *Bishop,* J.

In opening the case the plaintiff's counsel stated that the action was for a defect in the highway, and that the defect consisted in an excavation at the corner of Main Street and Eaton

Avenue in Woburn, which had been left insufficiently guarded and protected and into which the plaintiff fell, and described the excavation.

The defendant admitted that Main Street was a public highway in the city of Woburn.

The defendant admitted the service, but not the sufficiency, of the following notice: "Boston, Oct. 29, 1901. John H. Finn, City Clerk of the City of Woburn. Dear Sir: — I, Thomas Weston, for and in behalf of Daniel Cronan of Woburn, in the County of Middlesex and Commonwealth of Massachusetts, hereby give you notice that the said Daniel Cronan received serious injuries by reason of the neglect and carelessness of the city of Woburn and by certain persons to me unknown, employed by the city of Woburn who neglected to guard by fence, lights or otherwise, an excavation which the said city and its employees had made at the corner of Eaton Avenue and Main Street, in that part of Woburn known as Central Square. The said Daniel Cronan, on Tuesday, the 8th day of October, 1901, at or about half past seven in the evening while crossing Main Street, on account of the said neglect of the city of Woburn and its servants, fell into an unguarded excavation which was situated on the southeast corner of said Main Street and Eaton Avenue, on the westerly edge of the sidewalk on said Main Street at or near said corner; that by reason of said carelessness in leaving said excavation unfenced, unlighted and unguarded, said Daniel Cronan was greatly injured, and he hereby gives you notice that he will claim damages for the said injuries he has sustained. Yours truly, Thomas Weston, for and in behalf of Daniel Cronan."

At the close of the evidence, the judge, among other rulings, stated that if necessary the declaration could be amended at any time before final judgment to support the action for the cause for which it was intended to be brought.

The jury returned a verdict for the plaintiff in the sum of $3,000. After verdict the plaintiff moved to amend his declaration by adding the following: "Second count. And the plaintiff says there is in the city of Woburn a public highway leading through said city known as Main Street, which said defendants are bound to keep in repair;

" That the same was negligently suffered by the defendants to be out of repair whereby the plaintiff travelling thereon and using due care was hurt and that due notice of the time, place and cause of injury was given."

The motion was allowed by the judge. The defendant alleged exceptions.

*F. P. Curran*, for the defendant.

*T. Weston*, for the plaintiff.

BRALEY, J.   This was an action of tort for injuries received by reason of a defect in a public highway within the municipal limits of the city of Woburn, and which it was required to keep in suitable repair for the use of travellers.   A verdict having been returned for the plaintiff, the case is here on exceptions by the defendant.

We treat all the exceptions not argued as waived; and it is now contended that the notice given, and the declaration itself, are not sufficient in law to sustain the verdict.

While the notice given to the defendant may be open to a refined criticism that in part it refers to the carelessness of certain persons employed by the city and who neglected to properly guard the excavation in the street into which the plaintiff fell as a possible separate ground of liability, yet, taken together, the fair construction is that the plaintiff was injured by reason of a defect in a way negligently caused by an excavation " which the said city and its employees had made at the corner of Eaton Avenue and Main Street, in that part of Woburn known as Central Square."

It is not suggested that the defendant was misled by the notice, as it was fully informed of the cause of action, and the case was tried solely upon the issue of such a defect, and submitted to the jury under appropriate instructions.

When this question was raised at the trial, at the close of all the evidence the plaintiff was given leave to amend his declaration at any time before final judgment, in order to support the action for the cause for which it was intended to be brought. And after verdict and before judgment, under the exception of the defendant an amendment was accordingly made and allowed.

The evidence shows that the cause of action relied on was the

defect in the way caused by the negligence of the defendant, and the defendant now makes no claim that the alleged defect in pleading was not cured by the amendment.

As there was no surprise at the trial, and the merits of the case were fully tried upon the understanding that the city was to be held liable only if the way proved to be defective by reason of its negligence, the allowance of the amendment, for the purposes of justice, may be treated in legal effect as if made before verdict and at the time when permission to amend was given.

If originally the exception, that there was a variance between the allegations and the evidence offered to sustain them, was well taken, it became worthless after the amendment was allowed. It no longer stated a legal defence, but raised only an academic question. R. L. c. 173, § 48. *Keller* v. *Webb*, 126 Mass. 393, 394. *Whitney* v. *Houghton*, 127 Mass. 527, 529. *Denham* v. *Bryant*, 139 Mass. 110, 112. *United States National Bank* v. *Venner*, 172 Mass. 449, 451. *King* v. *Howes*, 181 Mass. 445, 446.

But the original declaration set out a good cause of action against the defendant for a defect in the way caused by its negligence.

It was not necessary to aver that the city was obliged to keep the street in repair, as this is a statutory obligation of which the court is bound to take judicial notice. Pub. Sts. c. 52, §§ 1, 18. *Read* v. *Chelmsford*, 16 Pick. 128, 130.

If the phrase " the defendant or its employees " was deemed ambiguous as stating a possible alternative liability, such a defect is to be pointed out by demurrer. It is not legally available at a trial on the merits for the purpose of defence by a defendant whose answer is a general denial.

*Exceptions overruled.*