## JAMES BENTON JUNKINS, ADMR., *vs.* BASIL J. SULLIVAN, ADMR.

*Bills of Exception—Pleading—Writing Obligatory Payable After Death of Maker—Evidence to Show Fraudulent Purpose in Execution of Writing Obligatory.*

A demurrer to a declaration should not be included in a bill of exceptions, but the mere fact that it is so included does not prevent this Court from reviewing the ruling of the trial Court in regard to it.

In an action against an administrator on a writing obligatory executed by his deceased, a declaration is technically defective which alleges that the deceased did not pay the debt, but fails to allege also that the defendant did not do so.

An instrument in the following form: "To my executor or administrator—Pay to the order of Florence S. six hundred dollars, Emily J. (Seal), it being for work in house and for manual labor on my farm. Emily J. (Seal)," shows an existing indebtedness, the time of payment of which is to be deferred until after the death of the obligor, and such instrument is not in the nature of a testamentary disposition.

Pleas of "never indebted" and "never promised as alleged" are not proper when the declaration sets forth an instrument under seal.

Evidence is admissible to show that an instrument under seal was executed for the purpose of defrauding creditors or others.

Different offers of evidence, all of which were rejected by the trial Court, should be set forth in separate bills of exceptions.

When the trial Court rejects a document offered in evidence, it should be set forth in the exception taken to the ruling.

Pleas of "never indebted" and "never promised as alleged" do not amount to a denial of the execution of the instrument sued on.

*Decided June 1st, 1909.*

Appeal from the Circuit Court for Howard County (BRA-SHEARS and FORSYTHE, JJ.).

The cause was argued before BOYD, C. J., BRISCOE. SCHMUCKER, THOMAS, WORTHINGTON and HENRY, JJ.

*Joseph L. Donovan* (with whom was *Martin F. Burke* on the brief), for the appellant.

*Jno. G. Rogers,* for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a judgment obtained by the appellee against the appellant on the following instrument:

"$600.00　　　DAISY, HOWARD Co., MD., September 2nd, 1899.

To my Executor or Administrator : Pay to the order of Florence E. Sullivan six hundred dollars without *intrust*...............
non-negotiable. ·

　　　　　　　　　　　　　EMILY M. JUNKINS (Seal.)

It being for work in house and for manual labor on my farm.

　　　　　　　　　　　　　EMILY M. JUNKINS (Seal)."

There are two counts in the declaration. The first alleges that "Emily M. Junkins in her lifetime by her writing obligatory, dated December 2, 1899, promised to pay to Florence E. Sullivan, the sum of $600.00 and hath not paid the same or any part thereof," and the second alleges that "the said Emily M. Junkins in her lifetime by her writing obligatory, dated September 2, 1899, promised to pay to said Florence E. Sullivan six hundred dollars in these words"— the above instrument being then set out in full. A demurrer was filed to the declaration and overruled by the Court. The

demurrer is included in a bill of exceptions, and although that was wholly unnecessary, and as stated in *Blake* v. *Pitcher,* 46 Md. 453, "an anomaly in the practice in this State," it is presented by the record and therefore can be passed upon.

The mere fact that it was embraced in a bill of exceptions would not prevent us from reviewing it, but the ruling on the demurrer is also shown by the docket entries.

It was not to each count but to the whole declaration, and therefore could not prevail, if either count is sufficient. The first follows for the most part the form given in the Code, but as this is a suit against an administrator it is technically defective in that it does not allege that neither the decedent nor the defendant had paid the writing obligatory, but confines that allegation to the decedent. It might well be that the obligor had not paid any part of it but that her administrator had, and hence to show such a breach as would entitle the plaintiff to recover against the administrator, it should have been alleged that neither had paid it. 1 *Chitty on Pleading,* page 344. That omission alone may not have prejudiced the defendant, as it was not claimed that either had paid the writing obligatory, but as the appellee seeks to apply the technical rule, that where there is one good count a general demurrer to the declaration must be overruled, he cannot consistently complain of being held to a technical compliance with the rules of pleading, at least in so far as will enable the appellant to have the demurrer to the second count passed on.

That count is also technically defective, as it does not allege that the instrument set out in it had not been paid. It merely sets out the instrument and there is no breach whatever alleged in the count. But as the question whether there can be a recovery on the instrument sued on is also raised by the instruction granted by the Court, we will consider that. The case of *Cover* v. *Stem,* 67 Md. 449, is relied on by the appellant as conclusive of the question. We are of opinion, however, that there is a marked difference between this in-

strument and the one in that case which was "Md., September 4, 1884. At my death, my estate or my executor pay to July Ann Cover the sum of three thousand dollars."

It was held that that was a testamentary paper and not an obligation for the payment of money, and that no recovery could be had thereon. It was said: "It would seem to be clear, that the relation of debtor and creditor must be created and subsist in the lifetime of the parties to the instrument, though the time of payment may be deferred until after the death of one of the parties." CHIEF JUDGE ALVEY, who delivered the opinion, went on to say that there were no words in that instrument which created a *debitum in presenti* or that created the relation of debtor and creditor in the lifetime of the parties, "but the words employed simply import a posthumous disposition of a part of the estate of the maker of the instrument, and nothing more." Again it was said: "Whether the instrument shall be declared a valid obligation, or to have a testamentary character only, must be determined from the terms and provisions of the instrument itself." In the instrument now before us there were added the words: "It being for work in house and for manual labor on my farm," to which Emily M. Junkins affixed her seal and signed her name. It is true those words were not inserted above the signature and seal which immediately followed the direction to her executor or administrator to pay the sum of money, but they were on the instrument itself and were followed by her signature and seal. The mere fact that she signed and sealed it twice could make no difference, and it was in effect one instrument. We are of opinion, therefore, that the terms and provisions of this instrument are sufficient to show a *debitum in presenti,* the time of payment of which was to be deferred until after the death of Emily M. Junkins. Without deeming it necessary to repeat what we said in *Feeser* v. *Feeser,* 93 Md. 716, that decision sustains the conclusion we have reached, and the case of *Carey* v. *Dennis,* 13 Md. 1, which is also relied on by the appellant, in no wise conflicts with it.

After the demurrer was overruled, the defendant filed three pleas. The first is as follows: "That the paper-writing set out in the narr. filed in the above case was executed by the said Emily M. Junkins for a fraudulent purpose and the said Florence Sullivan and Basil J. Sullivan were aware of said fraudulent intention when the said paper-writing was accepted." The second was a plea of never indebted and the third of never promised as alleged. The second and third pleas were manifestly bad, in answer to an instrument under seal, but issue was joined on them and what was intended as a traverse to the first plea was filed and issue joined. It will be observed that the first plea not only alleges that the paper writing was executed for a fraudulent purpose but that the plaintiff and his intestate were aware of the fraudulent intention when the paper writing was accepted. Without meaning to hold that the plea was in proper form, it was not demurred to and therefore can be considered regardless of its form. We can well understand that an instrument might be executed for such a fraudulent purpose as would preclude a recovery thereon if the obligee and holder were parties to the fraud or were aware of it. For example, it might be so executed for the purpose of defrauding creditors, or of excluding some one from participation in the distribution of the estate of the obligor who would by law be entitled to participate therein. If there was in fact no existing relation of debtor and creditor between the obligor and obligee, and the instrument was executed for such purpose as suggested above, a party to such fraud should not be permitted to recover on it. As the plaintiff did not object to the form of the plea but joined issue thereon, any evidence which was relevant to that issue was properly admissible, but here again we are met by peculiar conditions which abound in this record.

The second bill of exceptions embraces nineteen separate and distinct questions which were propounded to a witness and a note after each one made as follows: "Objected to, objection sustained, and exception noted." At the conclusion of the bill of exceptions it is said: "And to the ruling of

the Court on the objections to the questions asked said wit-
ness, in sustaining the objections and refusing to permit the
witness to answer them or any of them, the defendant duly
excepted and prays the Court to sign this his second bill of
exceptions." In the third bill of exceptions there are five
questions, in the fifth, three, and in the sixth three presented
in the same way. This method of bringing up exceptions to
this Court was condemned as early as *Ellicott* v. *Martin,* 6
Md. 509, and in *Tall* v. *Steam Packet Co.,* 90 Md. 248,
CHIEF JUDGE MCSHERRY, in speaking of a bill of exceptions
which embraced several rulings on the admissibility of evi-
dence and one in regard to an instruction, said: "This is an
unnusual and an erroneous way to present such essentially
distinct propositions. The ruling on each question should
form the subject of a separate exception. 'We * * * are,'
says this Court in the case of *Ellicott* v. *Martin, etc.,* 6 Md.
517, 'of opinion that each distinct exception which embraces
an independent proposition of law should be signed and
sealed by the Court below, before it can be regarded as a
valid exception. This remark does not apply to a series of
consecutive prayers offered by the counsel. In such a case
the ruling of the Court, in either granting, rejecting, or mod-
ifying the prayers, may be regarded as a single act, and one
exception, if properly taken and executed, may embrace the
whole.' " JUDGE MCSHERRY then added: "Passing by this
irregularity, though by no means intending thereby to estab-
lish a precedent which will be followed hereafter, we come
to the case as we find it." He then considered the merits of
the case, affirming the judgment.

After that recent warning and statement of the law on the
subject, we do not feel called upon to review the rulings
thus improperly presented to us by those exceptions. As
the case must be reversed for other reasons, we will add that
evidence tending to show a fraudulent purpose in the execu-
tion of the instrument is admissible under a proper plea.

It is impossible for us to say whether the foilio of the
equity docket referred to in the fourth bill of exceptions was

relevant or material. It ought to have been included in the record. This is not like the refusal to allow a witness to answer a relevant question, which we have said can be reviewed, for the docket entries offered could have been inserted in the bill of exceptions so that we could determine whether they were relevant or material. We do not understand upon what ground the letter from Nelson I. Sullivan to Benton Junkins was offered, or how it could have been admitted.

The eighth bill of exceptions includes the prayers. As the Court rejected the two offered by the plaintiff, they are not before us. The Court's own instruction was as follows: "The Court instructs the jury that the possession of the single bill in suit by the plaintiff's intestate is *prima facie* evidence of the sealing and delivery of the same by the obligor to the plaintiff's intestate, and that if the jury find from the evidence the delivery of the single bill by the defendant's intestate to the plaintiff's intestate, then the plaintiff is entitled to recover, notwithstanding the other facts offered in evidence by the defendant, the amount of said single bill, but without interest." As the execution of this instrument was not denied by the next succeeding pleading of the defendant, it must be taken as admitted for the purpose of this action. Sec. 25, sub-sec. 108 of Art. 75 of the Code. Whatever effect may be given the pleas of never indebted as alleged and never promised as alleged, erroneously filed to this declaration, but on which issue was joined, they cannot be said to be a denial of the execution of the instrument sued on as required by that statute. *Banks* v. *McCosker,* 82 Md. 525. And as there was no special exception to the prayer no question can arise as to whether there was evidence of the delivery of the single bill by the defendant's intestate to the plaintiff's intestate. The conclusion that the plaintiff was entitled to recover "notwithstanding the other facts offered in evidence by the defendant," is very general, and would be erroneous if there was any evidence in the record offered by the defendant which reflected on the issue, but as the Court seems to have rejected all of the material evidence of the defendant,

we do not see how the defendant was injured by granting that instruction. If there had been a plea of *non est factum* the former part of the instruction would have been erroneous, for although it is in effect the same language as that used in the fifth prayer in *Edelin* v. *Sanders,* 8 Md. 121, this Court in *Keedy* v. *Moats,* 72 Md. 330, overruled what was said in that case about that prayer.

Although we would hestitate to reverse a judgment for such errors in the declaration as we have pointed out, if the defendant had been permitted to present his defense, and we were sure the defendant had not been injured by the ruling, we feel constrained to do so under the circumstances of this case.

> *Judgment reversed and new trial awarded,*
> *the appellee to pay the costs above and*
> *below.*