# MAURICE G. WEEKS

*vs.*

# STATE OF MARYLAND.

*Indictments*: *several counts; motion to compel State to elect; discretion of court. Witnesses*: *competency; question for court. Preliminary examinations*: *imbeciles. Examination of witnesses*: *leading questions; objections; time for making. Exceptions*: *must not contain several distinct rulings. Evidence*: *counties; proof as to where event took place.*

An indictment may contain several counts, charging two or more distinct offenses, or, for the purpose of meeting the evidence, charging the same offense in different ways. p. 227

In such cases, whether or not a motion should be granted, requiring the State's Attorney to elect upon which count he should proceed, is in the discretion of the lower court, and from the decision of that court in the matter no appeal will lie.

p. 227

If an imbecile has sufficient understanding to appreciate the nature and obligation of an oath, and sufficient capacity to observe and describe correctly the facts as to which he is called upon to testify, his testimony is admissible. p. 228

The question of the competency of a witness is one to be determined by the court, and should be disposed of as soon as it arises, and before the witness is allowed to testify as to the facts in issue. p. 228

But where a case is tried before the court without a jury, a traverser is not prejudiced by allowing such a witness to testify to the facts in the case before the court determines the question of competency.                                      p. 228

A resident of a county, not otherwise incompetent, is competent to testify that the place where he saw an offense committed was in that county.                              pp. 228-229

But he may be cross-examined as to his knowledge of the county line, so as to affect the weight of his testimony.   p. 229

After a question has been answered, it is too late to object to it on the ground of its being leading.                p. 229

It is the province of the trial court to determine the admissibility of evidence; but it is for the jury to determine its sufficiency, and, in criminal cases, the jury's finding upon the facts is not open to review by the Court of Appeals.          p. 229

To incorporate in one bill of exceptions several distinct exceptions to rulings of the trial court, upon questions of evidence, is ground for dismissing the appeal.                p. 230

*Decided May 5th, 1915.*

Appeal from the Circuit Court for Prince George's County. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William J. Neale* (with whom was *Alan Bowie* on the brief), for the appellant.

*Edgar Allan Poe, the Attorney-General* (with whom was *Clarence M. Roberts, State's Attorney for Prince George's County,* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appellant was convicted in the Circuit Court for Prince George's County of carnal knowledge of an imbecile, and sentenced to confinement in the Maryland Penitentiary for the period of four years.

The indictment contained two counts. In the first count he was charged with having committed rape upon a certain Carrie Waring, and the second count alleged that she was an imbecile, and that he did carnally know and abuse her, "well knowing" that she was an imbecile.

The case was tried before the Court without a jury, and before any witness was sworn counsel for the defense moved the Court to compel the State to elect upon which count the prisoner should be tried. The Court refused to grant the motion, and the State called Carrie Waring as a witness. Before she was sworn, counsel for the defense inquired of the State's Attorney if she was the Carrie Waring mentioned in the indictment, and upon being informed that she was he objected to her being sworn as a witness upon the ground that the indictment alleged that she was an imbecile and she was not therefore "a proper witness." The objection was overruled, and the prisoner then moved the Court to strike out the second count of the indictment upon the ground that the State was proceeding to trial upon an indictment which "alleged the imbecility of the witness offered by the State to prove the averments of the indictment," but the Court refused to grant the motion. The witness having been sworn, counsel for the defense interposed an objection to her testifying upon the ground that her capacity to testify having been challenged, she was not a competent witness until the question of her competency had been determined. This objection was also overruled, and the witness was then examined by the State's Attorney for the purpose of showing her mental condition and to prove by her the commission of the offense charged in the indictment, and was cross-examined by the counsel for the prisoner. At the conclusion of her testimony counsel for the prisoner moved that her testimony or the

second count in the indictment be stricken out upon the ground that "her entire testimony" showed that she was not an imbecile, which motion was refused. The State called and examined Dr. Cornell and Dr. Apgar, who testified that they had examined Carrie Waring and that she was an imbecile, whereupon counsel for the defense moved the Court to strike out her testimony and the testimony of the two physicians upon the ground that her testimony was "inconsistent with the averments of the second count," and the testimony of the two physicians tended to impeach her testimony; and upon the refusal of the Court to grant the motion the prisoner renewed his motion to compel the State to elect upon which count "it would further proceed," assigning as reason for said motion that the State had not offered any testimony in support the first count, and that as Carrie Waring had been permitted to testify, the State "was estopped from proceeding upon the second count." These motions having been denied, the State called John Rose, who testified that he lived in Prince George's County, and that he saw the appellant and Carrie Waring while the appellant was in the act of committing the offense charged. He was then asked by the State's Attorney: "This was in Prince George's County?" and he replied: "Prince George's County; yes, sir." The prisoner then objected to the question and moved that the answer of the witness be stricken out because the question was leading and "the witness had not been properly qualified to testify as to location." The Court refused to strike out the answer of the witness, and after further evidence tending to show that the appellant knew, at the time of his alleged carnal knowledge of Carrie Waring, that she was an imbecile, the State rested and elected to stand on the second count in the indictment. Thereupon the prisoner renewed his motions to strike out the testimony of Carrie Waring and the testimony of the two physicians for the reasons previously stated, and for the further reason that "penetration" could not be established by her testimony. These motions were

overruled, and evidence was then introduced by the defendant.

The opinion of the Court, in announcing its finding, is set out in the record. The learned Judge stated that, while the evidence established the fact that Carrie Waring was an imbecile, it also showed that she was competent to testify to the commission of the offense charged, and a finding of guilty on the second count was entered. To this finding the prisoner excepted on the ground that "the verdict * * * was based upon incompetent, insufficient and irrelevant testimony."

To each of the rulings referred to above the prisoner noted an exception, and they are all included in the one bill of exceptions signed by the Court.

A careful examination of the record and of the numerous exceptions does not reveal any serious error in any of the rulings of the Court below.

This Court has repeatedly held that an indictment may contain several counts, charging two or more distinct offenses, cr charging substantially the same offense for the purpose of meeting the evidence, and that a motion to require the State's Attorney to elect upon which count he will proceed to trial is addressed to the discretion of the lower Court, whose decision in the matter is not the subject of an appeal; *State* v. *Bell,* 27 Md. 675; *Gibson* v. *State,* 54 Md. 447; *State* v. *McNally,* 55 Md. 559; *State* v. *Blakeney,* 96 Md. 711.

The fact that Carrie Waring was alleged or shown to be an imbecile did not necessarily render her incompetent as a witness. If an imbecile has sufficient understanding to appreciate the nature and obligation of an oath and sufficient capacity to observe and describe correctly the facts in regard to which she is called to testify, there is no reason why her testimony should be excluded; 2 *Russel on Crimes* (6th Ed.), 969; 1 *Greenleaf on Evidence* (13th Ed.), sections 365-367; *Hochheimer's Criminal Law,* sections 300-303; *State* v. *Meyers,* 37 L. R. A. 423 and note; *State* v. *Michael,*

19 L. R. A. 605 and note. In 40 *Cyc.* 2201, it is said: "An insane person may be a competent witness where, notwithstanding his affliction, he is capable of observing accurately and stating correctly what he observed and understanding the nature and obligation of an oath"; and in the case of *District of Columbia* v. *Armes,* 107 U. S. 519, the Supreme Court said: "The general rule, therefore, is, that a lunatic or a person affected with insanity is admissible as a witness if he have sufficient understanding to apprehend the obligation of an oath, and to be capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue; and whether he have that understanding is a question to be determined by the Court, upon examination of the party himself, and any competent witness who can speak to the nature and extent of his insanity." In 4 *Words and Phrases,* 3391-3392, imbeciles are said to be persons whose mental powers and resources are limited or whose minds are weak or feeble. After an examination of her testimony and the testimony of the two physicians, we entirely agree with the conclusion of the learned Court below that, while Carrie Waring was an imbecile, she was nevertheless competent to testify to the facts as to which she was interrogated.

The question of the competency of a witness is one to be determined by the Court, and should be disposed of as soon as it arises and before the witness is allowed to testify to the facts in issue; *Hochheimer's Criminal Law,* section 300; *Arnd* v. *Amling,* 53 Md. 192; *Freeny* v. *Freeny,* 80 Md. 406; *District of Columbia* v. *Armes, supra.* But as the case was tried before the Court without a jury, the prisoner was not prejudiced by the fact that Carrie Waring was allowed to testify to the facts in the case before the question of her competency was determined by the Court.

John Rose testified that he was a resident of Prince George's County, and there is no reason why he should not state that the place where the offense was committed was in that county. The prisoner had a right to cross-examine him

as to his knowledge of the location of the county line for the purpose of affecting the weight of his testimony. The objection to the question on the ground that it was leading does not appear to have been made until after the question was answered. If the prisoner had an opportunity to object to it before it was answered and failed to do so, there was no error in the refusal of the Court to strike out the answer for the reason assigned.

In regard to the last exception it is only necessary to say that the Court determines the admissibility of evidence, but it is for the jury, or the Court sitting as a jury, to pass upon the sufficiency of the evidence, and the jury's or court's finding upon the facts is not open to review by this Court on appeal in criminal cases; *Garland* v. *State,* 112 Md. 83, and cases therein cited.

We have reviewed the rulings of the Court below excepted to notwithstanding the exceptions are all included in one bill of exceptions. In the case of *Junkins* v. *Sullivan,* 110 Md. 539, where several exceptions to rulings on the evidence were included in one bill of exceptions, this Court refused to consider the exceptions, and CHIEF JUDGE BOYD said: "After that recent warning and statement of the law on the subject, we do not feel called upon to review the rulings thus improperly presented to us by those exceptions." In *B. & O. Railroad Co.* v. *Reuter,* 114 Md. 687, there was one bill of exceptions embracing exceptions to the rulings of the Court on seven motions to strike out evidence and on the prayers, and this Court refused to consider any of the exceptions except the one to the ruling on the prayers; and that course was followed in the more recent case of *Harris* v. *Hipsley,* 122 Md. 418. In the case of *Cit. Mut. F. I. Co.* v. *Conowingo B. Co.,* 116 Md. 422, the Court again refused to consider exceptions to rulings on the evidence because several exceptions were included in one bill of exceptions. We have not heretofore treated such errors as sufficient ground for dismissing an appeal, because in each of the cases where attention has been called to the improper practice, the bill

of exceptions included an exception to the ruling on the prayers, which we have regarded as sufficiently presented, or there were other exceptions not open to the objection indicated. But in the case at bar all of the exceptions included in the one bill of exceptions are to rulings of the Court on the evidence, and as we have repeatedly refused to consider such exceptions when thus improperly presented, instead of affirming the judgment of the Court below, which we would otherwise do, we will dismiss this appeal.

In this view of the case it is not necessary to determine the effect of the failure of the appellant, under the circumstances disclosed by the record and the affidavit of counsel, to have the bill of exceptions signed within the time allowed by the rule of the Circuit Court for Prince George's County, but we would warn those who wish to preserve their right of appeal against the risk of waiting until the last day on which the bill of exceptions may be signed under the rule, to present it to the trial Judge at the Court House in the county in which the case was tried, when it is known that the Judge resides in another part of the county and may be attending Court or discharging his official duties in some other county of the circuit.

*Appeal dismissed, with costs.*