CHARLES HAMILTON, Executor, Etc.,

*vs.*

JOHN HAMILTON et al.

*Witnesses: examinations; improper answers; striking out.*
*Evidence laws: caveatees and caveators. Rulings*
*on prayers: non-reversible errors.*

Where a question proper in form is propounded to a witness and he answers it, and on cross-examination it develops that his answer was inadmissible, a motion to strike out the answer should be granted.                                    p. 510

The laws as to evidence do not prevent caveatees or caveators from testifying at the trial as to issues framed on the caveat to the will.                                    pp. 510-511

Proceedings to try issues on a caveat to a will are not proceedings in which judgment or decrees may be rendered for or against the caveators or caveatees.                    p. 510

An exception to be correct should not contain two or more distinct questions.                                    p. 511

A ruling that could not have injured the appellant does not present any grounds for reversible error.                    p. 510

*Decided December 12th, 1917.*

Appeal from the Circuit Court for Prince George's County. (Beall and Camalier, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS and URNER, JJ.

*T. Howard Duckett* (with whom were *Marion Duckett* and *Wm. B. Clagett* on the brief), for the appellant.

*M. Hampton Magruder* and *T. Van Clagett,* for the appellees.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from the rulings of the Circuit Court for Prince George's County on the trial of issues sent to it by the Orphans' Court of that county on a caveat to the will of William Hamilton. The issues which are in the usual form are: 1. As to knowledge of the contents of the will. 2. As to undue influence; and 3. As to testamentary capacity.

Seven exceptions were taken to rulings on the evidence, and the eighth embraces the prayers. We will consider them in the order in which they were taken: 1. George P. Hickey, Register of Wills of the county, was a witness to the will, and was called by the caveators. He was asked the question: "State whether or not in your opinion William Hamilton was capable of executing a valid deed or contract on the 7th day of April, 1915 ?" The question was objected to by the caveatees, unless he was confined to the opinion he had on the day the will was executed, and not that at the present time or any time subsequent to the execution of the will. The objection was overruled and the witness answered "No." There was no valid objection to the question. The witness testified on cross-examination that he believed at the time the will was executed that the testator was capable, and that his opinion at the time he testified was based on what the testator's son had afterwards told him. It is true that he was not authorized to form an opinion on what some one else, especially a caveator, had told him, but the question as pro-

pounded was in the usual form and was admissible. When it was developed on cross-examination that his answer to the question was based on what the son told him, a motion could have been made to strike out the answer and it would have been the duty of the Court to grant the motion and instruct the jury not to consider it.

2. Thomas Hamilton, one of the caveators, was called by them. He testified without objection to a number of things and was afterwards asked: "Did you ever hear any conversation between your father and Charlie after Charlie came there in March in regard to the property?" He answered: "Yes, sir"; and then was asked: "Just tell the jury about the conversation; where it took place and what was said?" "Charlie" is the appellant. He is the executor and sole devisee and legatee named in the will, and was, by the order of the Orphans' Court, made defendant, and the appellees, who were the caveators, were made plaintiffs in the trial of the issues.

The appellant's objection is based on the contention that Thomas Hamilton was not a competent witness under Section 3 of Article 35 of the Code. He was undoubtedly competent to testify to what Charlie said, and what his father said to Charlie could not possibly have injured the appellant, as it did not reflect upon the question of testamentary capacity and rather tended to show that he was not susceptible to undue influence. Beyond that no authority has been cited to sustain the appellant's position—that he was incompetent. The practice in this State has been to permit caveators and caveatees to testify on the trial of issues framed on caveats to wills. They are not proceedings "In which judgments or decree may be rendered for or against them," as no judgment is entered in the law Court where they are tried. Other reasons might be given for not applying the statute to the trials of issues on caveats to wills but as such is the established practice, and our reports show that caveators and caveatees have been without question permitted to testify

since the present statute was passed, we do not deem it neces-
sary.

3. The third exception was as to a conversation a con-
fessedly competent witness had with the decedent about eleven
months before the will was made. It is sufficient to say that
there was no reversible error in that ruling.

4. The fourth exception was taken to the testimony of
Father Loughlin, a Catholic priest, who administered the
sacrament to the decedent about two weeks before his death.
There are three questions and the answers in full stated in
the record, and the exception is: "To the propounding of
which questions counsel for the caveatee objected." The
form of this bill of exceptions—embracing several questions
and answers—has often been disapproved. See *Junkins* v.
*Sullivan,* 110 Md. 539 and *Weeks* v. *State,* 126 Md. 223,
where other cases are cited. In this case it would be im-
possible to determine from the bill of exceptions when the
first two questions were objected to, and if we confine the
objection to the last question and answer we could not say
that there was reversible error—especially as the witness had
previously testified without objection, and more at length to
substantially what is embodied in it. We therefore do not
feel called upon or at liberty to review what is contained in
this bill of exception.

5. The fifth is not pressed. The ruling in the sixth and
seventh could not have injured the appellant. The verdict
of the jury was in favor of the appellees on the issue as to
testamentary capacity, as well as to undue influence. The
evidence in the sixth exception, which was stricken out, and
the question in the seventh exception which was objected to
and ruled out could only have been admissible on the issue
as to undue influence. From what we say in passing on the
eighth exception it will be seen that in our judgment there
was no *reversible* error in either of these rulings.

6. This brings us to the last or eighth exception. The
caveators offered five prayers, all of which were granted, ex-
cept the third, and the caveatee offered six, all of which were

granted, except the second. The only exception to the rulings on the prayers which is pressed, is to the rejection of the caveatee's second prayer—that there was no evidence legally sufficient to sustain the second issue (of undue influence), and therefore their answer to it must be "No." We are not entirely satisfied that the evidence in the record as to undue influence was legally sufficient to be submitted to the jury, but as we have often said in order to authorize the Court to reverse a case there must be both error and injury. There is ample evidence in the record to sustain the verdict of the jury as to testamentary capacity. If the Court had granted the appellant's second prayer, that could have made no possible difference, in so far as the issue on testamentary capacity is concerned. We do not see how the jury could have been in anywise influenced to find the verdict it did as to testamentary capacity by reason of the error, assuming it to be error, in reference to undue influence, and hence as the will is invalid by reason of the lack of testamentary capacity of the testator as found by the jury, the appellant was not injured by the ruling of the Court on undue influence. So we do not deem it necessary or proper to reverse the case and order a new trial. The action of the Court was not *reversible* error, as it did the appellant no injury, and hence was not such error as calls upon us to reverse the rulings. They will therefore be affirmed.

*Rulings affirmed and cause remanded.*