## JAMES F. KLECKA *v.* STATE OF MARYLAND

*Prosecution for Conspiracy—Testimony of Co-conspirator—
Objections and Exceptions—Waiver—Evidence
of Motive.*

On a prosecution for conspiracy, acts and declarations of a co-conspirator may, in the discretion of the court, be admitted. against the accused, even before sufficient proof is given of the conspiracy, if the prosecutor undertakes to furnish such proof later on in the trial.                                    . p. 130

That the acts and declarations of a co-conspirator were admitted, against one accused of conspiracy, before the establishment of a *prima facie* case, and that there was no offer of the necessary complementary proof of conspiracy, did not present, reversible error, the requisite *prima facie* case of conspiracy being established before the close of the prosecution.    pp. 130, 131

An objection. to the admissibility of evidence contained in a. specific question must ordinarily be made as soon as the question is stated and before the answer is given, unless the inadmissibility is due, not to the subject of the question, but to some feature of the answer, and unless the rule of evidence is invoked before answer, when the question discloses its applicability, the rule is waived.                                    p. 132

If objection is made to the admissibility of evidence, counsel must take exception to the ruling, the correctness of which is denied, at the time the ruling is made, and unless so taken, the exception is waived.                                    p. 132

An objection, without an exception, will not be sufficient to reserve the legal question raised.                                    p. 132

Where three similar questions were asked a witness, all of which he answered in the same way, without any objection, and then an exception "to which ruling" was taken, such exception was insufficient to present a question for the appellate· court, it not showing to what ruling it applied, and an exception embracing several questions and answers not being allowed.
                                    pp. 131-133.

An unanswered question, although held admissible over objection, affords no basis for an exception.                    p. 133

On a prosecution of three persons for conspiracy to obstruct justice by insuring the absence from the state of two of them, when required as witnesses for the prosecution at the trial of the third on a criminal charge, evidence that one of such possible witnesses, a few days before the formation of the conspiracy, was informed by the state's attorney of the date of the trial and the necessity of his presence, *held* admissible as showing knowledge by him of antecedent circumstances supplying a motive for the conspiracy, already established by *prima facie* proof, and of the time within which the conspiracy would have to be executed to be effective.                    pp. 133, 134

*Decided November 6th, 1925.*

Appeal from the Circuit Court for Baltimore County (OFFUTT, C. J., DUNCAN, and PRESTON, JJ.).

Criminal proceeding against James F. Klecka and others. From a judgment of conviction, said Klecka appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and WALSH, JJ.

*Daniel S. Sullivan,* for the appellant.

*John Hubner Rice, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *H. Courtenay Jenifer, States Attorney for Baltimore County,* on the brief, for the State.

PARKE, J., delivered the opinion of the Court.

James F. Klecka, the appellant, Louis Businsky, and Louise Phillips were indicted for conspiracy to obstruct justice. The charge was that, while the prosecution of Klecka under an indictment for gaming and keeping a disorderly

house was pending in the Circuit Court for Baltimore
County, the three traversers unlawfully conspired that Louis
Businsky and Louise Phillips should flee the jurisdiction of
the trial court and remain out of the State of Maryland, in
order to prevent their presence at the trial of Klecka as
witnesses for the State being enforced by the processes of the
court. Businsky and Phillips were convicted by a jury and
afterwards the appellant was tried by the court, convicted,
and sentenced.

A demurrer to the indictment is the first point presented
on this appeal, and there was no error in overruling this
purely formal demurrer. During the trial eighteen excep-
tions were taken to the rulings on questions of evidence;
and of these the appellant has advisedly abandoned the sec-
ond, tenth, eleventh, thirteenth, sixteenth, seventeenth and
eighteenth exceptions.

1.   The objection to the testimony admitted by the court
in the first exception and in the third to ninth exceptions,
inclusive, was that things said, done or written in execution
or furtherance of the common purpose by any one of those
charged is not relevant nor material against any or all of
the others alleged to have been in the confederation, unless
and until sufficient evidence in the opinion of the court has
first been introduced, or offered to be introduced, to estab-
lish a *prima facie* case of conspiracy.

While the better practice and the usual course is to require
a foundation to be laid, either by proof sufficient in the opin-
ion of the court to establish *prima facie* a case of conspiracy
among the parties accused, or by proof at least proper to be
laid before the jury as tending to establish the conspiracy,
before the acts and declarations of a co-conspirator are ad-
missible against the accused, yet for the sake of convenience
such acts or declarations may, in the discretion of the court,
be admitted in evidence before sufficient proof is given of
conspiracy, if the prosecutor undertakes to furnish such
proof later on in the trial. While the customary order of
proof was reversed in the trial of the traverser without an

offer of the necessary complementary proof of conspiracy, yet the requisite *prima facie* case of conspiracy was later established before the close of the prosecution, and, so, these exceptions present no reversible error, because no injury resulted from what was a mere inversion in the order of proof. *Bloomer v. State,* 48 Md. 521, 531; *Hays v. State,* 40 Md. 633, 648, 650; *Lawrence v. State,* 103 Md. 17, 20, 21; *Garland v. State,* 112 Md. 83, 100; *Underhill on Crim. Ev.* (3rd Ed.), sec. 720.

2.   The co-conspirator, Louis Businsky, was called by the prosecution, and testified at length.   Throughout his testimony the witness had referred to an interview between himself and the state's attorney for Baltimore County in connection with the prosecution of the appellant.   After Businsky had testified in denial of the conspiracy charged, the state's attorney asked him if his testimony was not inconsistent with what he had stated in his conversation with the state's attorney.   An objection was made, and the lower court held that the question was admissible, but the correctness of this ruling was not presented by an exception, as the question was not put, because the witness at once inquired which of the conversations between himself and the state's attorney was referred to.   The particular conversation was then designated by the state's attorney; and the witness said he would like to answer the question in his own way, but he was requested to give a direct answer, and thereupon the question, with respect to the indicated conversation, was again put twice consecutively by the court and once by the prosecuting attorney, without a renewal of the objection to any of the three inquiries, and every time the same answer, admitting the inconsistency, was given.

The question to which the objection was made was general in its application, but the question as finally propounded related to a particular conversation, and no objection was made to the question after the interrogatory had assumed this import.

It was after the last of these three answers, and with no

further action of the court requested or indicated, that the record merely sets out that, "To which ruling of the court the defendant, having duly objected and excepted," prayed the court to sign an exception, which was done and forms the twelfth bill of exceptions.

An objection to the admissibility of evidence contained in a specific question "must ordinarily be made as soon as the question is stated and before the answer is given, unless the inadmissibility was due not to the subject of the question, but to some feature of the answer." 1 *Wigmore on Evidence* (2nd ed.), sec. 18, pp. 175, 189; *Dick v. State,* 107 Md. 11, 14; *Pontier v. State,* 107 Md. 384, 389; *Rasst v. Morris,* 135 Md. 243, 250. Unless the rule of evidence be invoked before answer, when the question discloses its applicability, the rule is waived. *Poole v. Fleeger,* 11 Pet. 185, 211. If objection be made to the admissibility of evidence, the invariable rule is for counsel to take exception to the ruling, the correctness of which is denied, at the time such ruling is made, and unless so taken, the exception will be held to be waived. An objection, without an exception, will not be sufficient to reserve the legal question raised. 2 *Poe, Pl. & Pr.,* sec. 319.

By the test of these elementary rules of orderly practice, the twelfth bill of exceptions does not certainly show what was the ruling to which exception was reserved. It cannot be held to be an exception to the last three preceding questions, which were answered before the exception was reserved, because, as was said in *Hamilton v. Hamilton,* 131 Md., at page 511: "The form of this bill of exceptions, embracing several questions and answers, has often been disapproved. See *Junkins v. Sullivan,* 110 Md. 539, and *Weeks v. State,* 126 Md. 223, where other cases are cited. In this case it would be impossible to determine from the bill of exceptions when the first two questions were objected to, and if we confine the objection to the last question and answer, we could not say that there was reversible error, especially as the witness had previously testified without objection, and more at

length to substantially what is embraced in it. We therefore do not feel called upon or at liberty to review what is contained in this bill of exception." *Morrow v. Morrow,* 134 Md. 182, 191; *Murphy v. State,* 120 Md. 229, 234.

Again, the twelfth exception cannot be referred back to the first question, which was in respect to any conversation of the witness had with the state's attorney, because no exception is presented on the record and none could have been, as an unanswered question, although held admissible over objection, affords no basis for an exception.

It follows that no question for this Court is presented by the twelfth exception.

While a consideration of the twelfth exception is prevented by a technical but necessary rule of practice, the admission of the testimony here objected to constituted no prejudicial error, as later in his evidence the witness again admitted, without objection, the existence of inconsistency between his testimony and his former statement to the state's attorney.

3. The state's attorney testified that about October 18th, and on October 23rd, he informed Businsky that the trial of the appellant for gaming and keeping a disorderly house would be reached on October 28th and that Businsky should be present, as he would be a necessary witness in the prosecution, and that Businsky said he would be there. The admission of this testimony over the objection of the appellant gave rise to the fourteenth and fifteenth exceptions. We find no error.

There was, at the time of the offer of this testimony, sufficient to establish a *prima facie* case of the conspiracy charged against the appellant, Businsky, and Phillips, to suppress testimony in a court of justice. The evidence admitted was merely testimony tending to show when certain knowledge was acquired by one of the conspirators of the fact that he would be required on a day set to testify for the State in the trial of the appellant under a pending indictment for gaming and keeping a disorderly house. This knowledge, ac-

quired contemporaneously or a few days before the date of the formation of the conspiracy, did not relate to a criminal intent, and so must be imputed to all the conspirators, because it was one of the facts or circumstances which, while preceding, connectedly led to the formation of the conspiracy. *Wharton on Criminal Evidence* (10th ed.), sec. 919; *People v. Stokes,* 5 Cal. App. 205, 89 Pac. 997. It was not a declaration nor admission, nor yet an act of a co-conspirator in the confederation or course of a criminal conspiracy before the association of an accused with the conspiracy and out of his presence, but it was simply evidence of the *knowledge* of those antecedent circumstances, which furnished the occasion of the conspiracy, which had been established by *prima facie* proof. And this evidence was relevant and material, as it tended to show that one of the conspirators was possessed of a knowledge of a subject matter which at once supplied a motive for the formation of the conspiracy, and indicated the time within which the conspiracy had to be successfully prosecuted to become effective.

We find nothing on this record that would justify a reversal, and the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*