## ETHEL CLAWNS *v.* STATE OF MARYLAND
[No. 8, October Term, 1941.]

*Decided December 5th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Ellis Levin* for the appellant.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *J. Bernard Wells, State's Attorney for Baltimore City,* and *Douglass N. Sharetts, Assistant State's Attorney* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Ethel Clawns, on February 12th, 1941, was convicted by a jury in the Criminal Court of Baltimore City on the first and fourth counts of an indictment, containing five counts, for violation of Sections 537 and 543 of Article 27 of the Annotated Code of Maryland, *Flack's Edition.* The first count was for violation of Section 537 for unlawfully being on the railroad car, and the fourth count was based on violation of Section 543 which in general prohibits the buying or selling of railroad tickets or the unused portions thereof, or the soliciting for the buying and selling of said tickets without being the duly authorized agent of such railroad.

The first matter pressed by the appellant in this appeal is that the appellant, when testifying in her own defense, was asked on cross-examination by the State, "How many times have you been arrested and convicted?" Objection was made by appellant to this question and the objection was overruled, but no exception was taken to the court's ruling. The witness then answered that she had never been convicted of any crime. This Court said, in the case of *Burges v. State,* 161 Md. 162, at page 169, 155 A. 153, 156, 75 A. L. R. 1471, in ruling that it was proper for the State to ask the defendant on cross-examination, "Have you ever been convicted of a crime?" that, "It is established in this state that in criminal cases where the defendant is a witness in his own behalf, he thereby puts his character in issue, and may be asked on cross-examination if he has been convicted of crime. *Niemoth v. State,* 160 Md. 544, 556, 154 A. 66, at page 71."

The second matter pressed by the appellant is that appellant, after denying her conviction of any crime, was questioned on cross-examination as to two previous convictions in the District of Columbia on the charge of being an unlicensed second-hand dealer in railroad tickets in violation of a provision of the District of Columbia Code as enacted by the Act of Congress. She admitted these convictions after further cross-examination. No objections, however, were made or exceptions taken to

these questions and answers, but after the appellant had been asked about other matters, a motion was made by the appellant to strike out the testimony as to these two convictions in the District of Columbia. On the court's refusal to strike out this evidence, an exception was taken. We quote from an opinion by Judge Urner in the case of *Niemoth v. State, supra,* 160 Md. at page 557, 154 A. at page 71: "In the present case the examination criticized in argument inquired only about convictions, which the defendant first denied, and afterward admitted with qualifications. The nature of his answers was such as to induce a course of cross-examination which would otherwise have been unecessary." We quote further from Judge Digges in *Burgess v. State, supra,* 161 Md. at pages 171 and 172, 155 A. at page 157, 75 A. L. R. 1471: "It is not required that the evidence be restricted to infamous crimes or those involving moral turpitude on the one hand, but, on the other, the purpose of the admission, to impeach credibility, must impose some limits. The convictions should be of infringements of the law that may have some tendency to impeach credibility, and not all infringements do. No rigid classification seems possible. The principle generally adopted by courts which follow otherwise the practice followed in Maryland is that the trial court must exercise discretion, when offers of convictions are made, looking to the purpose for which the evidence is offered, and that its decision will not be interfered with on appeal, except when the evidence is so clearly irrelevant that its admission could not be said to be within the discretion lodged with the trial court. 2 *Wigmore, Evidence* (2nd Ed.) sec. 983. [*President, etc., of*] *Third Great Western Co. v. Loomis,* 32 N. Y. 127, 88 Am. Dec. 311; *People v. McArron,* 121 Mich. 1, 79 N. W. 944. And this we take to be the principle we are required to follow in Maryland." *Smith v. State,* 64 Md. 25, 20 A. 1026, 54 Am. Rep. 752; *McLaughlin v. Mencke,* 80 Md. 83, 30 A. 603; *Nelson v. Seiler,* 154 Md. 63, 139 A. 564; *O'Dell v. Barrett,* 163 Md. 342, 163 A. 191; *Dorman v. Koontz,* 164 Md. 535, 165 A. 461.

In the instant case, as no exception was taken to the ruling of the lower court on the first question and as no objections or exceptions were taken to the questions and answers about former convictions, as above set forth, we are prevented from considering the rulings of the trial court on the questions here presented by the appellant. This Court said in the case of *Klecka v. State,* 149 Md. 128 at page 132, 131 A. 29, at page 30: "If objection be made to the admissibility of evidence, the invariable rule is for counsel to take exception to the ruling, the correctness of which is denied at the time such ruling is made, and unless so taken, the exception will be held to be waived. An objection without an exception will not be sufficient to reserve the legal question raised. [2] *Poe's Pleading and Practice,* sec. 319." *Deibert v. State,* 150 Md. 687, 692, at page 693, 133 A. 847; *Rasin v. State,* 153 Md. 431, at pages 441 and 442, 138 A. 338; *Scarlett v. Young,* 170 Md. 358, at page 365, 185 A. 129.

Furthermore, in this case there is but one bill of exception which contains three separate rulings on evidence, one of which has been abandoned by the appellant on appeal, and this Court has repeatedly refused to consider such exceptions when thus presented. *Weeks v. State,* 126 Md. 223, at page 230, 94 A. 774; *Hamilton v. Hamilton,* 131 Md. 508, at page 511, 102 A. 761; *Klecka v. State, supra,* 149 Md. at page 132, 131 A. 29.

A motion for a new trial was filed by the appellant and such motion was denied and overruled as to the first count and a new trial granted as to the fourth count. The penalty provided for conviction under the fourth count is greater than that provided for conviction under the first count of the indictment. *Stet* was entered by the State as to the fourth count and the appellant was sentenced under the first count to five days in jail and twenty-five dollars fine and costs. It is contended by the appellant that the Supreme Bench of Baltimore abused its discretion in its action upon the motion for a new trial. The appellant cannot complain as to the action of the court in granting a new trial as to the fourth

count of the indictment as a new trial was asked for in her motion. The action of the court below on the motion for new trial should not be disturbed unless the discretion of that court was abused. In examining the record, this Court does not find that the Supreme Bench of Baltimore City abused its discretion in refusing a new trial on the first count of the indictment. *Archer v. State,* 45 Md. 457, 461; *Miller v. State,* 135 Md. 379, 109 A. 104; *Myers v. State,* 137 Md. 482, 113 A. 87; *Bosco v. State,* 157 Md. 407, at page 410, 146 A. 238. For the reasons herein given, the judgment is affirmed.

*Judgment affirmed, with costs.*