JUSTIN G. BUCH *v.* CHARLES R. HULCHER

[No. 83, October Term, 1941.]

*Decided January 21, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Lester H. Crowther* and *Leo Weinberg,* with whom was *Edward L. Parlett* on the brief, for the appellant.

*Sigmund Levin,* with whom were *William J. Stocksdale* and *David Friedman* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment of $5,000 in the Baltimore City Court on a verdict rendered by a jury in favor of the plaintiff below, appellee here, against the defendant below, appellant here, for the alienation of the affections of appellee's wife.

Actions for alienation of affections have not been prohibited in Maryland.

A number of exceptions were taken at the trial, but all except five were abandoned by the appellant on appeal. The first four of these exceptions are to rulings on the admissibility of evidence and the other is taken to the ruling of the trial court on the prayers.

The first exception was taken while plaintiff was testifying on direct examination as follows: "Q. Did you continue to accept these invitations of Mr. Buch? If not, tell us why? A. We accepted on two or three occasions and after that Mrs. Hulcher said to me that Mr. Buch had made advances.

"Mr. Whiteford: I object. (Objection overruled; exception noted.)

"The Witness (continuing): Had made advances and that she disliked them, and I advised her at that time that the best thing to do would be to stay away from the Buchs, and in that way I would be able to keep my employment, and possibly there wouldn't be any hard feelings."

It is true in alienation of affection cases that statements of the alienated spouse are admissible to show the result on her state of mind of the efforts and influence of the defendant which have otherwise been proven. *Hillers v. Taylor,* 108 Md. 148, 69 A. 715. This statement made by her does not show that this particular

action of the defendant created in her a state of mind by which she was alienated from her husband. It shows quite the contrary, for the statement is that she disliked the advances made by the defendant. This statement of the wife relating to acts of the defendant and tending to prove the willful interference of the defendant should not have been used against him as it is merely hearsay. *Hillers v. Taylor, supra; Kohlhoss v. Mobley,* 102 Md. 199, 211, 62 A. 236, 5 *Ann. Cas.* 865.

Quoting from 27 *American Jurisprudence,* page 165: "Any declaration of the plaintiff's spouse, made out of the presence of the defendant, while admissible to show loss of affection or that the defendant's wrongful conduct caused such loss, is hearsay and inadmissible to establish the defendant's wrongful conduct, in an action for alienantion of affections."

We must further note that defendant's wife, when testifying, said: "Q. What was the conduct of Mr. Buch towards you? A. Well, his conduct wasn't out of the usual. He always acted a perfect gentleman, as far as I was concerned. He never said anything out of the way, other than he made several remarks about my husband. He put himself in a little more on the top, I would say." The testimony of the husband in the instant case as to the statement made to him by his wife, the subject of the first exception, would tend to prejudice the defendant before the jury and was also incompetent to prove the acts of the defendant, because made out of his presence and hearing. Appellee contends that defendant made no motion to strike out that part of the answer which was inadmissible and that, therefore, this exception cannot be considered by us and cites as his authority the cases of *Atlas Realty Company v. Galt,* 153 Md. 586, 597, 139 A. 285, and *Walker v. Baldwin & Frick,* 106 Md. 619, 68 A. 25. In the case of *Atlas Realty Company v. Galt, supra,* 153 Md. at page 597, 139 A. at page 289, the court stated: "But it does not appear what it was to which he objected." The case of *Walker v. Frick, supra,* is not in point. In the instant case there is no doubt that the

objection was to that part of the answer which was inadmissible and that objection was overruled and an exception taken. It is true that this court said in *Brashears v. Orme,* 93 Md. 442, 451, 49 A. 620, 623: "The proper practice is, when a question is asked that may call for an answer which is relevant and material, but the answer given is irrelevant and improper, to then ask the court to strike out the question and answer; and, if it be calculated to do harm, the court should instruct the jury not to consider it." In the instant case the question was proper and part of the answer was relevant and material and it being so clear that the objection was to the inadmissible part of the answer this court feels that the exception is before us.

The second, third and fourth exceptions relate to testimony by the plaintiff in identifying and explaining a picture of his wife and three children. The court below allowed him to testify over objections that it was a picture of his wife, his daughter and his two boys, and refused a motion to strike out his answer. The picture was later offered in evidence. This picture shows the plaintiff's wife closely and affectionately surrounded by her daughter and twin sons, very nice looking children and of tender years. It does not appear to this court that the picture and questions in regard to it were at all relevant in the case. It is true that photographs are admissible to show and explain matters relevant and in those instances the admissibility in evidence of the photograph is a matter which rests in the sound discretion of the trial court. *Hensel v. Smith,* 152 Md. 380, 385, 136 A. 900; *York Ice Machinery Corporation v. Sachs,* 167 Md. 113, 126, 173 A. 240. In the instant case, the wife was in court, appeared before the jury, and testified for her husband. These questions and the picture tended only to create sympathy in the minds of the jury for the plaintiff. *Murrell v. Culver,* 141 Md. 349, 352, 118 A. 803; *Ickes v. Ickes,* 237 Pa. 582, 85 A. 885, 44 *L. R. A. (N. S.)* 1118. No objection or exception was taken when the picture itself was offered in evidence, and we would,

314

therefore, ordinarily be prevented from ruling on these exceptions. 2 *Poe, Pl. & Pr.,* Sec. 319; *Klecka v. State,* 149 Md. 128, 132, 131 A. 29; *Deibert v. State,* 150 Md. 687, 692, 693, 133 A. 847; *Raisin v. State,* 153 Md. 431, 441, 442, 138 A. 338; *Scarlett v. Young,* 170 Md. 358, 365, 185 A. 129; *Clawns v. State,* 179 Md. 644, 22 A. 2d 464. However, as the case is to be remanded for a new trial by reason of other exceptions, we have made these comments on the second, third and fourth exceptions.

The remaining exception relates to the action by the trial court in rejecting the four prayers offered by the defendant. According to the record, these four prayers were handed to the trial judge, who stated while the jury remained at the bar, that these prayers were not proper and that he would refuse them in their present form, but that he would permit the counsel to alter and amend them if they desired. No amendment of these prayers was made and they were not reoffered and were inadvertently left out of the court papers until the ruling was made on the motion for a new trial. The trial judge states that it is his practice to allow as, of course, exceptions to all adverse rulings on prayers, whether actually noted by counsel or not. By reason of this statement of the trial judge, this exception granted as a matter of course is properly before this court.

The declaration alleged in part "that the said plaintiff and his said wife lived peacefully and happily together as husband and wife until the wrongful act of the defendant hereinafter mentioned; and that the said defendant wrongfully, wickedly and injuriously intending to injure the said plaintiff and to alienate and destroy the affections of his said wife and to deprive him of the comfort, companionship, society and assistance of his said wife, the said defendant did maliciously and unlawfully, by divers means, alienate the affections of the said Merilyn Louise Hulcher, from this plaintiff and thereby the plaintiff was caused to lose the affections, consortium, society and assistance of his said wife, and was otherwise injured and damaged."

The defendant by his first prayer asked the court to instruct the jury "that it must appear by a preponderance of evidence that the alienation and abandonment of the plaintiff by his wife, if any, was caused by the direct and active interference of the defendant and the burden of proof is upon the plaintiff to show this before he can recover against the defendant." In the case of *Annarina v. Boland*, 136 Md. 365, at page 379, 111 A. 84, at page 89, Judge Offutt said: "The gist of an action for alienation of affection is not the separation of the parties, but the loss of affection. It is true that separation often and perhaps usually results, but that is only an incident of the thing complained of, and does not itself constitute the cause of action. 21 *Cyc.* 1617. In this case the appellee complained not only that the appellant had separated her from her husband, John H. Boland, but that she had alienated his affections, and it would have been improper to have precluded the jury from considering that element of the case." In the instant case there is evidence that the wife left the husband before this suit was filed. The declaration complains not only of alienation of affections, but also of the loss of consortium, society and assistance. Further the bill of particulars filed in this case at the call of the defendant alleges in part: "1. That the plaintiff and his wife, Merilyn L. Hulcher, were married in Roanoke, Virginia, on June 15, 1929, and lived peacefully and happily together as husband and wife until the year 1937. * * * 3. That the wrongful act of the defendant referred to in the declaration began in 1937, and continues to the present date." In the opinion of this court, there are sufficient allegations in the pleadings to require the submission of the question of abandonment or separation to the jury. For this reason this first prayer should have been granted.

The second prayer requests the court to instruct the jury "that unless the jury believe from the evidence in this case that the defendant was intentionally guilty of such conduct as was calculated to prejudice plaintiff's

wife against him and to alienate her from him and to induce her to leave him and remain apart from him; and that such effect was intended by the defendant to be produced and was actually produced by *her* conduct, their verdict must be for the defendant." The italics in this prayer is inserted here. Evidently the word *her* should have been *his*. This prayer was not amended and was, therefore, properly refused. If the word in italics had been *his* we believe this prayer should have been granted for the same reasons as apply to the first prayer.

The third and fourth prayers are based exclusively on separation and precluded the jury from considering the element of alienation of affections and were, therefore, properly refused. *Annarina v. Boland, supra.*

For the ruling on evidence presented by the first exception and for the refusal of the defendant's first prayer the judgment appealed from must be reversed and a new trial awarded.

> *Judgment reversed, with costs, and case remanded for a new trial.*