WALTER J. JOHNSON *v.* STATE OF MARYLAND

[No. 22, April Term, 1944.]

*Decided June 13, 1944.*

The cause was argued before MARBURY, C. J.; DELA-PLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*Karl Francis Philips* and *Arthur E. Briscoe* for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom 'were *William C. Walsh, Attorney General,* and

*J. Bernard Wells, State's Attorney of Baltimore City,* and *Joseph Kolodny, Assistant State's Attorney,* on the brief, for the appellee.

MELVIN, J., delivered the opinion of the Court.

On January 18, 1944, the appellant was convicted of burglary in the Criminal Court of Baltimore City and sentenced to ten years in the Maryland Penitentiary. At the trial, which, at his election, was before the Court without a jury, the only exceptions taken were to two rulings on the evidence, and these were embodied in but one bill of exceptions.

On this ground alone the present appeal is dismissable, for this Court has repeatedly disapproved such practice and has refused to consider exceptions when thus presented. *Clawns v. State,* 179 Md. 644, 647, 22 A. 2d 464; *Klecka v. State,* 149 Md. 128, 132, 131 A. 29, 30; *Hamilton v. Hamilton,* 131 Md. 508, 511, 102 A. 761; *Junkins v. Sullivan,* 110 Md. 539, 544, 73 A. 264; *Weeks v. State,* 126 Md. 223, 230, 94 A. 774; *Ellicott v. Martin,* 6 Md. 509, 517, 61 Am. Dec. 327; *Tall v. Steam Packet Co.,* 90 Md. 248, 44 A. 1007; *Morrow v. Arthur,* 134 Md. 182, 191, 106 A. 356; *Murphy v. State,* 120 Md. 229 234, 87 A. 811.

However, in the case at bar the two exceptions are practically identical and are treated as one by the Court so that, because of a pure technicality, the defendant may not be denied here a review of the substantial aspects of his case.

Under the plea of "not guilty" the defense of an alibi was interposed and the testimony of the defendant and three other witnesses was offered in support of it. It was to the Court's ruling sustaining the State's objection to two questions asked one of these witnesses that the defendant took the exceptions which form the basis of this appeal.

The State's principal prosecuting witness, a mature woman, had positively identified the defendant as the perpetrator of the crime—as the man who, about midnight

on January 4, 1944, entered her daughter's home at 824 Park Avenue, Baltimore City, where she was visiting, had gone into her bedroom after she had retired, sat upon her bed, demanded money, threatened to kill her if she made an outcry, had cut the telephone wire, had found her pocketbook while ransacking the bureau drawers and extracted $20.02, had thrown a ring at her which he had previously torn off her finger, had again sat on her bed and threatened to rape her if she made an outcry. This witness had further testified that during this entire time a light had been burning in the living room into which the defendant went from her bedroom, where he remained listening to the radio until the announcer gave the time as 1:30 A. M., and that the description of the defendant which she gave the police was as follows: "colored, wearing khaki-colored trousers and shirt, and also wearing a peculiar shaped hat, —sort of tropical hat." Further testimony on the part of the State had been that from this description the police arrested the defendant at his home, 832 Tyson Street, directly in the rear of the entered premises, 824 Park Avenue, and upon searching his wardrobe had found a khaki colored pair of trousers and shirt and a straw tropical hat. The principal prosecuting witness, without hesitation, had picked the defendant from a line-up at the station house the following day. All this testimony was admitted without objection.

The defendant, thereupon, set up his defense of an alibi. Taking the stand in his own behalf, he denied that he was the man described by the State's witness and produced three witnesses, other than himself, who testified that he was at his home, 832 Tyson Street, from about quarter of eleven Tuesday night, January 4, 1944, until some time between six and seven o'clock the next morning. Two of these witnesses, Maude Johnson and Elizabeth Hicks, gave their corroborating testimony without objection, and testimony to the same effect of the other witness, Edward Williams, likewise went into the record unopposed. All of them testified, unequivo-

vally, that the defendant was at his home from about eleven o'clock of the night in question until six or seven o'clock the following morning. Williams gave the time specifically at which he claims the defendant came in that night—"ten minutes after eleven." He further testified that he (the appellant) "went upstairs and went to bed" and that he "didn't come down no more." As stated, all that testimony was admitted without objection.

It was only when the very next question was asked and answered that an objection was made at the trial and the first exception noted. On this point the record shows:

"Q. How long was he at home that night? A. He was home from eleven o'clock until seven. Ten minutes after six when I called him.

"Mr. Kolodny, Assistant State's Attorney: I object.

"The Court: Sustain the objection.

"Mr. Phillips: Exception.

"The Court: You asked him how long was he home, but you haven't shown he knows."

Immediately following this exception came the only other one in the case, as follows:

"What time did you go to bed? A. I went to bed about 9:30 that night. I was in bed.

"Q. You are sure you saw this man come in? A. Yes, sir, I asked him for a cigarette.

"Q. You are sure he did not go out any more? A. He didn't go out any more.

"Mr. Kolodny: I object to that.

"The Court: Sustain the objection.

"Mr. Phillips: Exception."

It is thus apparent on the face of the record that the two rulings to which exception was taken relate to mere repetition of testimony which had already been admitted without objection and in the defendant's own behalf. Moreover, it is also apparent that the very answers which counsel argue should not have been stricken out by the Court were not, in fact, stricken out. All that the record shows is that after each of the two questions had been

answered, and not before, the State's Attorney objected, that the Court simply sustained his objection and that there was no motion to strike out the answer. It, therefore, remained as a part of the record, so that the appellant could not possibly have been injured by the Court's ruling on either or both of these objections and his bill of exceptions presents nothing reviewable on appeal. It is an elementary rule of practice that when a question has been asked, without objection, and then answered and no motion made to strike out the answer, there is no ground for an appeal at the instance of a party who claims the benefit of such testimony. *Christian v. Johnson Const. Co.*, 161 Md. 87, 96, 155 A. 181; *Atlas Realty Co. v. Galt*, 153 Md. 586, 597, 139 A. 285.

This is especially true in the case at bar since the appellant admittedly had, also, the benefit of this same testimony almost verbatim from this witness (Williams) in his previous answer in which he had stated emphatically that the appellant, having gone upstairs to bed at ten minutes after eleven, "didn't come down no more." When evidence which is admissible is excluded over the objction of appellant and this same evidence had previously been admitted without objection, the subsequent ruling is treated by the appellate court as harmless error. *Damm v. State*, 128 Md. 665, 669, 97 A. 645; *Avery v. State*, 121 Md. 229, 88 A. 148; *Klecka v. State*, supra, 149 Md. 128 at page 132, 131 A. 29 at page 31.

It is entirely clear from the record that the appellant was accorded every right under the rules of evidence to fully develop his defense of alibi and that everything he had to offer in this connection was received by the Court and weighed with the other testimony in the case, as in a jury trial. The verdict was against him on the facts, and all of these were in the record for final consideration. Even assuming that, as a matter of law, the Court erred in sustaining the only two objections raised at the trial, the most that the appellant could claim as the result of these rulings would be the exclusion of two answers which were mere surplusage of testimony.

Not only would there have been no injury to the appellant if these answers had been stricken out, but when it is borne in mind that they were actually allowed to remain in the record along with all the other testimony on this precise point, from the appellant and from every one of his witnesses, it is obvious that there was no prejudicial error in the Court's rulings. The judgment, therefore, will be affirmed.

*Judgment affirmed, with costs.*